CHARLES GULATH, Respondent, *v.* NATHAN WALDSTEIN, Appellant.

#### April 15, 1879.

1. In an action under the statute for the recovery of specific personal property, judgment for possession may be given the plaintiff though the property has not been taken and no bond given by the defendant; and if the property

cannot be then obtained, the plaintiff may recover the value, with damages. The judgment should be in the alternative.

2. In any case, the defendant must have had the property in his possession when the action was brought, and a verdict for the plaintiff must ascertain to what specific property the plaintiff is entitled, and its value.

APPEAL from St. Louis Circuit Court.

*Reversed and remanded.*

GEORGE W. TAUSSIG, for appellant: It must appear that the defendant was in possession of the property at the time the action was commenced. — *Davis* v. *Randolph*, 3 Mo. App. 454; *Wallace* v. *Brown*, 17 Ark. 449; *Hickey* v. *Hinsdale*, 12 Mich. 99. A judgment for the value absolutely, or for the damages without assessment of the value, is not merely irregular, but is erroneous.— Wag. Stats. 1026, sect. 14; *Phillips* v. *Milville*, 17 N. Y. Sup. Ct. 212; *Bodine* v. *Swisher*, 86 Ill. 536; *McNamara* v. *Eisenlaff*, 14 Abb. Pr. (N. S.) 25; *The State* v. *Dunn*, 60 Mo. 64; *Alley* v. *Gamelick*, 55 Mo. 518.

FINKELNBURG & RASSIEUR and DEXTER TIFFANY, for respondent.

HAYDEN, J., delivered the opinion of the court.

This petition, which is in the ordinary form of a statutory petition for the claim and delivery of personal property, asks judgment for the recovery of a frame shed, certain tools, etc. No affidavit was filed, order of delivery obtained, or bond given, and no property was taken in the case. A general denial was filed, and upon the hearing it appeared that one Kirch, to whom the defendant had leased a lot, erected the shed, and gave a note securing the latter by deed of trust upon the shed and tools. Kirch gave up possession of the property; but whether the defendant had it when the plaintiff, the trustee in the deed of trust, demanded it and brought suit, was a disputed point. The court below refused to sustain a demurrer to evidence, and there was a verdict for the plaintiff in form as stated below.

It may well be doubted whether it was the intention of the framers of the act in regard to the claim and delivery of personal property, to provide for the recovery of specific chattels in any case where the property was not taken by the officer before judgment. It is true that neither detinue nor replevin in the *detinet* at common law contemplated that the property must be taken before judgment; but though the statute requires no unlawful taking, but allows the action to be maintained, as in detinue, merely upon wrongful detention, yet no such judgment is provided for as at common law was rendered in detinue or replevin in the *detinet*. The judgment in detinue was that the plaintiff recover the specific property, or the value if he could not have the property, and damages. The judgment in the obsolete form of replevin in the *detinet* was supposed to be for the value of the property and damages. Chitty's Pl. *162. Under the statute, indeed, the defendant may retain the property; but his bond is then before the court, as its substitute. It would seem that if the intention had been to give a remedy corresponding to detinue, apt words would have been inserted for a form of judgment suitable to a case where the court has no control over the property or its substitute. As it is, the chief argument supporting the theory that the property need not be delivered — for if not delivered and no bond is given, the property is, until final judgment, under the defendant's control, and may be disposed of by him — is merely the use of the word " may " in the first section ; which is of little weight as against the fact that the statute, while it undertakes, as the Supreme Court has said, to cover the whole ground, is almost entirely taken up with provisions applicable only to replevin in the *detinuit*. Lord Ellenborough said, in *Fletcher* v. *Wilson*, " There does not appear in any of the books any proceeding in replevin which has not commenced by writ requiring the sheriff to cause the goods of the plaintiff to be replevied to him, or by plaint in the sheriff's court, the immediate process

upon which is a precept to replevy the goods of the party levying the plaint. Both these modes of proceeding are *in rem*, — *i.e.*, to have the goods again." 2 East, 286. For replevin in the *detinet*, as adopted by statute or otherwise, see 3 Hill, 282 ; 5 Watts & S. 556 ; 2 Sandf. (N. Y.) 68 ; 13 Ill. 315. In our statute the important sections in reference to the verdict and judgment are adapted to contingencies depending on whether the one party or the other has the property in possession ; and judgment is to go against the sureties in the bond, the property or its substitute being thus presumed, as in every case of a proceeding *quasi in rem*, to be within the control of the court. Upon the supposition that the Legislature intended to retain an action in the nature of detinue, as well as the action to which all the sections of the statute point, which, with some modifications, is replevin in the *detinuit*, it is singular that no section provides a judgment adapted to the former. This statute, already a fertile field of judicial legislation, must be so construed as to include a new section. The plaintiff need not have the property taken, yet may get judgment for the property ; and if he cannot obtain the property upon final process, then recovers the value as assessed, with any damages. This is practically a judgment in detinue.

In a question of statutory construction, however, and one which relates to a remedy, it is more important that the law should be firmly settled than that a theoretically correct construction should be adopted. The decisions of courts of other States, whose statutes bear only a general resemblance to our own statute on this subject, afford but little light. The Supreme Court of this State, in a recent case, has expressed the opinion that an action lies under this statute though no affidavit is filed ; adding : " In such case, of course, the plaintiff will not be entitled to have the property delivered to him until judgment has been rendered in his favor." *Eads* v. *Stephens*, 63 Mo. 92. We think it better to follow this *dictum* in the present case, where the

question directly arises. Here, no affidavit was filed and the property was never taken, and it would be our duty to dismiss the case if the action did not lie. But, for the reason just stated, we hold that it is optional with a plaintiff whether he will have the property taken before judgment. If it is so taken, the requirements of the first section are, of course, obligatory.

But whether the specific property is taken before judgment or not, the verdict of the jury must ascertain what property the plaintiff is entitled to, and the value of the property. The defendant must have had the property in his possession when the suit was brought, in order to enable the plaintiff to maintain the action at all ; and the defendant may have it in his possession at the time the judgment is rendered. The judgment should conform to the statute (Wag. Stats. 1026) as far as possible ; and though it cannot be against sureties where there are none, it should be against the defendant, that he return the property or pay the value as assessed by the jury, at the election of the plaintiff, and also the damages assessed. If the plaintiff so elects, and the specific property can be found, it can then be taken ; or, in the other alternative, the value can be made. But by the verdict and judgment in the present case, it is impossible to say what property the plaintiff was entitled to. The jury merely "find for the plaintiff, and assess his damages," etc., and the judgment is that the plaintiff "recover of the defendant the damages aforesaid," etc. The record shows that the evidence in regard to the tools is different from that in regard to the shed ; and the law as to the shed, claimed to be a fixture, may possibly be different from that applicable to the tools. As the triers of fact failed to respond to the issues in the case, the verdict should have been set aside.

Other questions presented in the briefs of counsel may depend so much upon new evidence, that it is hardly worth while for us to consider those questions conjecturally here.

As no facts are ascertained by the verdict, we have no premises from which to proceed to apply the law to the case.

The judgment is reversed and the cause remanded. All the judges concur.