HENRY MUELLER, Appellant, v. VALENTINE WEITZ, Respondent.

St. Louis Court of Appeals, January 2, 1894.

1. **Evidence**: COMPETENCY OF ADMISSION OF MORTGAGOR AGAINST MORTGAGEE. The declarations of a mortgagor after the execution of the mortgage, and in the absence of and without authority from the mortgagee, are not competent evidence against the latter to prove a fraudulent intention on his part in taking the mortgage.

2. **Practice Trial**: CURING ERROR IN RECEPTION OF EVIDENCE BY INSTRUCTION. Error in the reception of incompetent evidence, offered by the party having the burden of proof, is not cured by an instruction withdrawing it from the consideration of the jury, when it is the only evidence in the cause bearing directly on the question at issue; *a fortiori* is this the rule, when such evidence has been left with the jury for a long time and necessarily found a lodgment in their minds.

*Appeal from the St. Louis City Circuit Court.*—Hon. Daniel D. Fisher, Judge.

Reversed and remanded.

*C. P.* and *John D. Johnson* for appellant.

(1) The hearsay testimony as to admissions made by the vendor long subsequent to this sale, and not in the presence of the vendee, was clearly incompetent, and should have been excluded. *O'Neil v. Crane,* 67 Mo. 250; *Fongue v. Burgess,* 71 Mo. 389; *Hoskins v. Railroad,* 19 Mo. App. 315. (2) And the admission of this incompetent testimony was not cured by the subsequent instruction to the jury to disregard it. Thompson on Charging the Jury, section 94, p. 124; *State v. Mix,* 15 Mo. 160; *State v. Rothschild,* 68 Mo. 56.

*C. A. Schnake* for respondent.

Bond, J.—This is an action of replevin, begun before a justice. The value of the property claimed, as set forth in the statement and affidavit, is $300. The damages were alleged at $25. After a change of venue to a second justice, the case was tried and a verdict rendered in favor of plaintiff. Upon appeal to the circuit court by defendant a judgment was rendered in his favor, wherein the value of the property was assessed at $400.

Upon a motion for a new trial, defendant remitted the sum of $148.31, whereupon the judgment was entered in his favor for the return of the property (it being in possession of plaintiff), and assessing its value at $251.69 and overruling the motion for a new trial. From this judgment plaintiff appealed to this court.

On the trial plaintiff introduced a chattel mortgage to himself, made by Louis Strohl on February 9,

1892, for the consideration (as therein recited) of $2,000 and covering the property replevied, and offered evidence tending to prove that the indebtedness referred to in said mortgage consisted of $180, due plaintiff by said mortgagor, and a check for $1,820, given by plaintiff to said mortgagor about February 16, 1892, and that said indebtedness aggregating $2,000 was unpaid.

There was evidence tending to prove that a prior action of replevin had been brought by plaintiff for the property described in the present action, which was dismissed, and the property restored to respondent before the institution of the present action.

There was also evidence tending to show that respondent, at the time of its seizure, held the property in controversy under an execution in his hands as constable and a judgment against the mortgagor; that the mortgage conveyed to the plaintiff all of the property then owned by the mortgagor; that it was subsequently foreclosed by plaintiff and the proceeds amounted to $700 or $800; that shortly before the mortgage was executed the mortgagor was sued by his wife for a divorce; that on a motion for alimony in said suit said mortgagor testified that the mortgage to plaintiff was not based on a real indebtedness, but was a device concocted by himself, plaintiff and Justice Zimmermann, to defraud his creditors.

These statements were made long after the execution of the mortgage to plaintiff and not in his presence, nor was there any evidence that he or the said justice knew of their having been made, or in any way authorized them.

There was also evidence tending to show some discrepancy in the statements made by plaintiff as to the *time* when he gave the check for the difference between what the mortgagor owed him and the amount secured in the mortgage. There was evidence tending

to show that this check, and the note for the mortgage debt, were both exhibited on the trial before the justice.

The chief errors assigned are: *First.* That the court erred in admitting evidence as to the declarations of Louis Strohl (plaintiff's mortgagor) as to the character and purpose of the mortgage under which plaintiff claims in this action. *Second.* Errors in the giving and refusal of instructions.

There can be no question that the statements of Louis Strohl, made in another proceeding long *after* the making of the conveyance to plaintiff, and in his absence, and with no showing of authority or knowledge on his part, were inadmissible as to the intent or purpose of plaintiff in taking the mortgage under which this suit is brought. These declarations were made in the divorce proceeding on May 22, 1892, several months after the mortgage had been executed, and possession taken thereunder by plaintiff, in his absence and without his knowledge. They were therefore as to him hearsay, and should have been excluded from the jury.

The trial court gave an instruction to the jury at the close of the case, that these declarations could not be considered as evidence of fraudulent knowledge or intent on the part of plaintiff. We do not think this instruction, under the facts in this case, repaired the injury to plaintiff caused by the reception of the evidence in question. Plaintiff's whole case turned upon the question as to the *character* of the mortgage, under which he claimed the right to replevy the property which had been seized under an execution against his mortgagor. The declarations of Strohl were to the effect, that this mortgage was a sham devised to defraud his creditors by the connivance and participation of plaintiff. Outside of these declarations the only

evidence of the fraudulent character of said mortgage was, as above seen, purely inferential.

It is the settled law of this state, that a deed (mortgage), which is regular on its face and properly executed, will be assumed to be valid when attacked for fraud, until the contrary is affirmatively shown. *Gutzweiler's Adm'r v. Lackman*, 39 Mo. 91.

The burden of proof being thus cast by law, under the facts in this case, upon respondent, we cannot account for a verdict in his favor on that issue, except on the theory that the withdrawal of the court of the declarations of Strohl did not remove the impressions already made thereby on the minds of the jury.

The law is, that the reception of incompetent evidence is not completely remedied by an instruction withdrawing it from the jury, because its effect is not to be considered as entirely obliterated by the instruction. *Gutzweiler's Adm'r v. Lackman, supra; State v. Rothschild*, 68 Mo. 52. Whether or not its reception is prejudicial, depends upon the relation of the evidence withdrawn to *all* the evidence in the case, how long it is left with the jury, and the surrounding circumstances. Where the incompetent evidence thus admitted is the only evidence bearing directly on the question at issue, as in this case, its withdrawal by instruction cannot cure the error. This is *a fortiori* the rule, where such evidence has been left with the jury for a long time and necessarily found a lodgment in their minds.

Our conclusion is that the judgment of the circuit court in this case should be reversed and the cause remanded. It is so ordered. All concur.