Penn v. Brashear.

---

FRANCES PENN, Respondent, v. WILLIAM BRASHEAR *et al.*, Appellants.

St. Louis Court of Appeals, January 21, 1896.

1. **Replevin**: BURDEN OF PROOF. The defendant in an action of replevin is entitled to an instruction of nonsuit, when the proof fails to establish that he was in possession of the property sued for at the date of the commencement of the action.

2. **Contracts in Writing**: FAILURE OF PARTY TO READ. In the absence of fraud or imposition, it will not avail a party to a contract in writing that he did not read, or was unable to read, the contract, and that he executed it without knowledge of its contents and under an erroneous impression as to its purport or effect.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*Fagg, Ball & Hicks* for appellants.

*J. H. Blair* for respondent.

ROMBAUER, P. J.—This suit is touching the possession of a sewing machine, and was instituted before a justice of the peace under the provisions of section 6185 of the Revised Statutes. The machine was not taken from the possession of the defendants, and there was no evidence tending to show that it was in defendants' possession when the suit was instituted. Upon the trial of the cause in the circuit court before a jury, the plaintiff recovered judgment for the possession of the machine or its ascertained value, fixed by the jury at $25. The defendants appeal, and assign for error the refusal of the court to sustain their demurrer to the evidence, and an erroneous instruction given on plaintiff's behalf.

The testimony adduced by plaintiff tended to show that she bought the machine for $55, and paid, altogether, $27.75 on account of the purchase price; that, when she bought the machine, she was asked to sign certain papers, but said she could not write well, and he (the machine company's agent) could sign her name; that she thought there was a mortgage on the machine, and that she was to pay $3 a month on account of it, but that she did not know what the amount of the mortgage was, nor what she directed to be signed, as the papers were not explained to her.

She also stated she did not know what a chattel mortgage was. She gave testimony tending to show that the machine was taken by the defendants out of her possession without her consent.

At the close of the evidence the defendants demurred to it, but the court refused their instruction in the nature of a demurrer. The defendants thereupon gave in evidence the chattel mortgage signed with plaintiff's name at her request, which was executed in October, 1891, and conveyed the machine to the defendant company to secure the payment of $50 in monthly installments of $3. The mortgage provided that, in default of payment of any of the installments, the defendant company might take possession of the machine and sell it, etc. The defendants also gave evidence that the contents of the note and mortgage were fully explained to the plaintiff, before she directed them to be signed in her name.

The court at the request of the plaintiff gave the following instruction, which is complained of:

"Although the jury may believe from the evidence in the cause that the plaintiff did authorize one W. J. Hamilton to sign her name to the note and chattel mortgage read in evidence, or either of them, yet if they believe from the evidence in the cause that plaintiff was an illiterate woman not able to write or read understandingly, and that she authorized her name to be signed to said note and chattel mortgage, not knowing the contents thereof, and that plaintiff acted honestly and under the belief that she was signing a different kind of a contract and not the ones that were really signed and that she so acted without any fault or negligence on her part, and that said plaintiff, if she had been aware of the contents of said note and chattel mortgage, or either of them, would not have signed the same, and that said Singer Manufacturing Company,

through its agents and employees, took said note and chattel mortgage from plaintiff, knowing that plaintiff was not aware of the contents thereof, and, if she had, she would not have executed the same, then said note and chattel mortgage are void and of no effect and the jury should find for the plaintiff for the recovery of said machine.''

An action will not lie, under section 6185, *supra*, unless it is shown upon the trial that the property was in the possession of the defendant at the date of the issue of the writ of summons. *Davis v. Randolph*, 3 Mo. App. 454; *Gulath v. Waldstein*, 7 Mo. App. 66. The plaintiff's evidence, as set out in the abstract, fails to show that fact; hence the defendant was entitled to the instruction that upon that evidence the plaintiff could not recover, and the refusal of the instruction was error.

The instruction given for the plaintiff, and herein above set out, is likewise erroneous. In the absence of fraud or imposition a person who is capable of contracting is conclusively presumed to have made the contract which he signs, and the fact that he does not read it, or does not understand it, does not rebut the presumption. Where parties have reduced their contract to writing it will be conclusively presumed, in the absence of fraud, accident or mistake, that such writing expresses the extent and manner of their undertaking. *Morgan v. Porter*, 103 Mo 135; *James v. Clough*, 25 Mo. App. 147, and cases cited. A mistake must be mutual before it furnishes ground for relief, and ignorance is not an accident within the purview of the above exceptions. There was no evidence in the case that the plaintiff was imposed upon touching the character of the instrument which she signed.

It results that the judgment must be reversed and the cause remanded. All the judges concur.