J. I. CASE PLOW WORKS, Appellant, v. J. A. ROSS & COMPANY et al., Respondents.

| 74 | 437 |
|----|-----|
| 94 | 1 74 |

Kansas City Court of Appeals, April 4, 1898.

1. **Evidence**: PARTIES: DEPOSITIONS IN ANOTHER ACTION: REPLEVIN. To make the deposition of a party taken in a former suit admissible against him in a later action, he must be a necessary party to the later action, and, as replevin lies only against the party in possession, the deposition of such party's grantor taken in a former action against the grantor can not be admitted though the grantor is made a party defendant in the replevin action.

2. ———: DECLARATIONS OF GRANTOR: FRAUDULENT CONVEYANCES. Declarations of a grantor made after his grant are not admissible against his grantee where the grantor's title is in issue unless conspiracy be first shown between the grantor and grantee.

3. ———: FRAUDULENT CONVEYANCES: CONSIDERATION: ANTECEDENT DEBT. Where a mortgagor fraudulently obtains the mortgaged goods, the mortgagee takes them subject to the equities if the mortgage is to secure a pre-existing debt; but if at the taking of the mortgage the mortgagee surrendered other securities for his debt, then he becomes an innocent purchaser, and the fact of such surrender is material evidence admissible in an action of replevin by the vendor against him.

4. **Fraudulent Conveyances**: RESCISSION OF CONTRACT: TENDER OF CONSIDERATION: REPLEVIN. A defrauded vendor seeking to rescind must restore the consideration to the other party before he

can maintain replevin; but he is under no obligation to pay such fraudulent vendee's expenses incurred by the latter to other parties in carrying out his fraudulent scheme.

*Appeal from the Gentry Circuit Court.*—HON. C. A. ANTHONY, Judge.

AFFIRMED.

ALESHIRE & BENSON, ELLIS, REED, COOK & ELLIS for appellant.

(1) The trial court had committed no error in permitting the introduction of the depositions of defendants Robertson and Ennis, as their written and signed statements against interest. They were parties defendant and this fact made their written statements admissible. Bogie v. Nolan, 96 Mo. 91; dissenting opinion of Mr. Justice Sherwood in Priest v. Way, 87 Mo. 16; Dry Goods Co. v. McMahan, 61 Mo. App. 499; Martin v. Cropp, 61 Mo. App. 607. (2) We submit that the court committed no error upon the trial in either particular noted as reasons for granting a new trial. The motion should have been overruled. (3) The original purchasers had not parted with their interest in the property. The mortgage once held invalid, Ennis no longer controlled the property as assignee, but as a member of the firm, as the agent and partner of Robertson. Counsel contend that Robertson and Ennis asserted no claim to the property. This is not correct. Their answer was a general denial. By it they joined issue. They did not disclaim. They put plaintiff to its proofs. Thomas v. Ramsey, 47 Mo. App. 84; Woods v. R'y, 51 Mo. App. 503. (4) Counsel complain that the court erred in excluding proofs that the bank, to induce the giving of the mortgage, were forced to. and did surrender certain notes then held as collateral. We submit that this complaint is

not well founded. Rendleman v. Willard, 15 Mo. App. 375. (5) "A defrauded seller does not lose the right to rescind because the buyer has incurred expense with respect to the property in carrying out the fraud, nor is it necessary that the seller should make good such expense." Chamberlin v. Fuller, 59 Vt. 247; 9 Atl. Rep. 832; Benjamin on Sales [4 Am. Ed.], sec. 649, note 14; Guckenheimer v. Angevine, 81 N. Y. 394; Lee v. Simmons, 65 Wis. 523; 27 N. W. Rep. 174; Dayton v. Morton, 47 Mich. 193.

McCULLOUGH, PEERY & LYONS, and SALLEE & GOODMAN, and J. W. SULLINGER for respondents.

(1) The court erred in admitting in evidence the depositions of Robertson and Ennis, taken in another case between different parties, and to which the bank and the assignee were not parties. These declarations were made after they had parted with the title to and possession of the property. Robertson and Ennis were not proper parties to this action. Wells on Replevin, sec. 134; Davis v. Randolph, 3 Mo. App. 454; R'y v. Atkinson, 17 Mo. App. loc cit. 495; Feder v. Abraham, 28 Mo. App. 454; Davis v. Randolph, 3 Mo. App. 454; Gulath v. Waldstein, 7 Mo. App. 66; Penn v. Brashear, 65 Mo. App. 24; Cloud v. Pierce City, 86 Mo. 366; Higgins v. Beckwith, 102 Mo. 463. (2) In this case Robertson and Ennis asserted no claim to the property. They denied that they were in possession of it. This was all they could do. Mueller v. Weitz, 56 Mo. App. 36; Sparks v. Brown, 46 Mo. App. 529; Shoe Co. v. Casebeer, 53 Mo. App. 640; Williams v. Casebeer, 53 Mo. App. 644; Lumber Co. v. Cravens, 54 Mo. App. 216; Stewart v. Thomas, 35 Mo. 202; Weinrach v. Porter, 47 Mo. 293; Elsass v. Harrington, 28 Mo. App. 300; Wright v. Cornelius, 10 Mo. 174;

Bank v. Russell, 50 Mo. 531. (3) If the bank held notes as collateral, and surrendered them in consideration of the mortgage, then it was a purchaser for value. Wine Co. v. Rinehart, 42 Mo. App. 171, and authorities cited; 2 Pom. Eq. Jur., secs. 747, 748; Lancaster v. Elliott, 55 Mo. App. 249; Morse on Banking, secs. 324 to 334; Mullanphy v. Riley, 10 Mo. 489; Reilly v. Chouquette, 18 Mo. 220; Livingston v. Dugan, 20 Mo. 102; Lawson on Contracts, sec. 99; Bell v. Simpson, 75 Mo. 785; Ins. Co. v. Houck, 71 Mo. 465; Bank v. Gillilan, 72 Mo. 77; Sav. Ins. v. Board of Ed., 75 Mo. 408; Ash. Club v. Finlay, 53 Mo. App. loc. cit. 259; Drug Co. v. Robinson, 81 Mo. 18; Grohman v. Brown, 68 Mo. App. 630; Bank v. Porter, 52 Mo. App. 244; Belcher Co. v. Elevator Co., 101 Mo. 192; Woodson v. Carson, 135 Mo. 521; Jones on Chat. Mort., sec. 336. (4) Before the plaintiff could maintain this action it must show that it has rescinded the contract, and restored to the other party all that it has received under it. This is a condition precedent to the maintenance of this action of replevin. Cahn v. Bungart, 18 Mo. App. 115; Chemical Co. v. Nickells, 66 Mo. App. loc. cit. 690; Carson v. Smith, 133 Mo. loc. cit. 614; Tiedeman on Sales, sec. 163; Shoe Co. v. Bank, 56 Mo. App. 662; Marshall v. Ins. Co., 43 Mo. 586; Hotel Co. v. Sauer, 65 Mo. 279; Cahn v. Bungart, 18 Mo. App. 115.

GILL, J.—Plaintiff has appealed from an order granting a new trial. The case is replevin for the recovery of a lot of machinery and implements which the plaintiff in the early part of 1896 sold to defendants Robertson and Ennis, who were then doing business at King City in Gentry county under the assumed name of J. A. Ross & Company. Robertson and Ennis were officers in the Farmers'

STATEMENT.

Bank of King City and gave little attention to the implement business which was conducted by one Flood as manager. It seems that during the progress of the implement business, conducted by Flood, the latter in the name of and for J. A. Ross & Company, borrowed various sums of money from the said Farmers' Bank, so that in March, 1896, the implement firm owed the bank about $3,500, all past due.

On March 7, 1896, the bank made an assignment to defendants McKenny and Ennis, but Ennis refused to act leaving the first named as sole assignee. On the next day (March 8) Robertson and Ennis (as co-partners under the name of J. A. Ross & Company), executed to the bank and to one Bell, another creditor, a chattel mortgage covering the entire implement stock including the goods in controversy, the purpose being to secure the above named indebtedness to the bank and a sum owing said Bell. In accordance with the terms of this mortgage the possession of the implements in controversy passed to the mortgagees and McKenny, the bank's assignee.

Thereupon, and within a few days after the execution of the mortgage just referred to, plaintiff instituted this action of replevin—making not only the two mortgagees and McKenny, the bank's assignee, who were in possession, parties defendant, but also included Robertson and Ennis. To this petition Robertson and Ennis filed a general denial, making no claim to the property and denying they had any possession. But the other defendants—the bank, Bell and McKenny the bank's assignee—filed answer claiming ownership and right of possession.

Plaintiff's claim to the property was based on an alleged fraudulent sale—that said J. A. Ross & Company purchased the goods by means of certain false representations as to the financial standing and ability

of said firm and that they never intended to pay therefor. At the trial below there was a verdict for plaintiff, which was on defendants' motion set aside, and the case was brought here by plaintiff's appeal—the question being as to whether or not the defendants' motion for new trial was properly sustained.

After a careful consideration of the record we feel satisfied with the court's action in sustaining defendant's motion for new trial. Substantial error prejudicial to defendants, was committed during the progress of the trial.

EVIDENCE: parties: depositions in another action: replevin.

First of all it was manifestly error to permit plaintiff to read in evidence the depositions of Robertson and Ennis taken in another case to which the substantial defendants in this case were not parties. This is announced in full recognition of the rule laid down in Bogie v. Nolan (96 Mo. 91) and kindred cases. For, while it is true that the deposition of a witness in one suit may be read as an admission against interest in another action to which he is a real and substantial party, the rule will not allow such deposition to be read in another action where the witness is not a party or improperly joined as such. Robertson and Ennis (whose depositions, taken in another and different case, were read) were not proper parties to this action. They were not in possession of the goods replevied and the action lies against those only who have possession when the suit is brought. Davis v. Randolph, 3 Mo. App. 454; Penn v. Brashear, 65 Mo. App. 24; Wells on Replevin, sec. 134. They stood then in the same attitude as any other third parties to the action. Nor will the plaintiff be allowed to use their former admissions or declarations, made out of the presence of the real defendants, by improperly joining such persons as parties to the suit. Wright v. Cornelius, 10 Mo. 174; Bank v. Russell, 50 Mo. loc. cit. 534.

The evident purpose which plaintiff had in view when reading these admissions of Robertson and Ennis was to impugn the chattel mortgage under which the King City bank and Bell, the two mortgagees, claimed title.. And such declarations were incompetent for another reason. Said Robertson and Ennis were the makers of that mortgage, and these admissions or declarations were, if at all, made after the execution of the conveyance and possession of the property had been delivered in pursuance thereof. It is a well established principle that a vendor or mortgagor has no more power to weaken or destroy the title he has conveyed, by either his subsequent acts or declarations, than any other third party—unless indeed a conspiracy be first shown to have existed between the vendor and vendee, or mortgagor and mortgagee, to defraud creditors. Such declarations are mere hearsay. Stewart to use v. Thomas, Adm'r, 35 Mo. 202; Weinrich v. Porter, 47 Mo. 293; Sparks v. Brown, 46 Mo. App. 529; Mueller v. Weitz, 56 Mo. App. 36.

*——: declarations of grantor: fraudulent conveyances.*

Again the record discloses an error at the trial even more harmful than the one just noticed. Defendants offered evidence tending to prove that the King City Bank held a large amount of what was called farmers paper, left with it by J. A. Ross & Company (and presumably given for farm machinery and implements) to secure the indebtedness of the latter to the former; and that the said Ross & Company refused to execute the chattel mortgage to the bank except upon the condition that said bank turn over to the mortgagors $1,500 worth of this paper; and this was done, and the mortgage executed in consideration of the surrender of that amount in farmers' notes. The trial court excluded this evidence, and the ruling was

*——: fraudulent conveyances: consideration: antecedent debt.*

clearly erroneous. The tendency of such testimony was to fix the status of the King City Bank as an innocent purchaser for value of the property in question, so as to free the same from all equities or claims of the plaintiff, the original vendor. The mortgage was given to secure a pre-existing debt owing by Ross & Company to the bank; and unless there was some other consideration for the execution thereof, passing at the time, then the bank as mortgagee could not claim the benefits of a purchaser for value, but would hold the mortgaged property subject to equities attached to it in the hands of the mortgagor. But if the facts were, as the excluded evidence tended to prove, that the mortgage was given in consideration of a release and return of other securities, then the title of said defendants in the mortgaged property would be free of all equities between the mortgagors and the plaintiff, their vendor. The rule with reference to the taking of personal property as collateral security for a pre-existing debt is the same as where negotiable paper is taken before due for a like purpose; and that is, if there passes at the time of the transfer any new or additional consideration, such as the extension of time or the like, or any other valuable consideration, then the taker is to be treated as a holder for value free and clear of all claims or equities between the original parties. Wine Co. v. Rinehart, 42 Mo. App. 171, and authorities cited.

The goods in question were ordered by J. A. Ross & Company from plaintiff's factory at Racine, Wisconsin, and it seems to have been the understanding that the freight from Racine to King City should be paid by the purchasers at the end of the carriage and that the amount so paid should be considered as a credit on the account. The implements were received

FRAUDULENT conveyances: rescission of contract: tender of consideration: replevin.

at King City and the freight charges ($81.92) paid by Ross & Company. It is now contended by defendants' counsel that in order to rescind the contract of sale and recover these goods, the plaintiff was bound, prior to the institution of this suit, to pay or tender to Ross & Company these freight charges; and as the testimony failed to show that it was done, it is insisted that the court ought have sustained a demurrer to the evidence. The rule of course is well settled that where a defrauded vendor seeks to rescind the contract and resume the possession of his goods, he must first restore to the other party whatever of value he, the vendor, may have received on account thereof and until he has done so he can not maintain replevin. Cahn v. Reid, 18 Mo. App. 115. The basis of this just rule is that a party ought not to be allowed to recover the goods of which he had been defrauded and at the same time hold on to the purchase price. It partakes of the nature of the doctrine of chancery courts, that he who asks equity must do equity.

But it seems to us that there is no place here for the enforcement of the rule just announced. If it is true that Ross & Company secured these goods by fraud it would seem very unjust to require the defrauded vendor to pay the fraudulent vendees for all costs and expenses they may have been put to in carrying out the fraudulent contract, such as the charges paid for transporting the goods from the vendor's factory to the vendee's place of business. Plaintiff did not receive the $81.92, but this was paid to the railroad company by Ross & Company to carry out the alleged scheme to get possession of plaintiff's goods; hence plaintiff has received from Ross & Company nothing which it can or ought to return. The defrauded seller is under no obligation to pay the

fraudulent buyer any expenses incurred by the latter in carrying out the fraud. Chamberlin v. Fuller, 59 Vt. 247; Lee v. Simons, 65 Wis. 523; Guckenheimer v. Angevine, 81 N. Y. 394.

It results then from the foregoing considerations that the action of the lower court in ordering a new trial should be affirmed, and it is so ordered. All concur.