AMAZIAH MYERS, Respondent, v. LINGENFELTER & HUDSON, Appellants.

**Kansas City Court of Appeals, October 30, 1899.**

1. **Replevin:** POSSESSION: RIGHT OF ACTION: INSTRUCTION. The defendant in replevin must be in possession at the date of the summons, and an instruction that he would be liable if he wrongly appropriated after that date, is error.

2. ———: ———: ATTORNEY AND CLIENT. Where attorneys under a chattel mortgage to their client secure the sheriff to take possession of the mortgaged property and move it to a certain place for their client and leave it there for him but not in the bodily possession of any one, they are not liable in replevin.

Appeal from the Worth Circuit Court.—*Hon. P. C. Stepp,* Judge.

REVERSED.

*Kelso, Schooler & Kelso* for appellants.

(1) In an action of replevin the plaintiff can not recover unless it is shown on the trial that the property was in the possession of the defendants at the date of the issue of the writ of summons. R. S. 1889, sec. 6185; Penn v. Brashear, 65 Mo. App. 24; Davis v. Randolph, 3 Mo. App. 454; Gulath v. Waldstein, 7 Mo. App. 66. (2) This action is an ordinary suit in replevin for certain brick, but on the trial of the cause the plaintiff abandoned his replevin and sought to recover for conversion. Wright v. Fonda, 44 Mo. App. 634-642; Glass v. Gelvin, 80 Mo. 297; Sumner v. Rogers, 90 Mo. 324; Penninger v. Reilley, 44 Mo. App. 255; Rosenburg v. Boyd, 14 Mo. App. 429.

*S. F. Sanders* for respondent.

(1) The court did not err in overruling the defendant's demurrer to plaintiff's evidence. If there was any evidence it must go to the jury who were the exclusive judges of its weight and sufficiency. Taylor v. Short, 38 Mo. App. 21; Baum v. Fryrear, 85 Mo. 151. This is true, however slight it may be, and whether direct or inferential. Taylor v. Short, 38 Mo. App. 21; Rippey v. Friede, 26 Mo. 523; Taylor v. Atkin, 76 Mo. App. 101; Reynolds v. Buffington, 75 Mo. App. 86; Sweitzer v. Banking Co., 76 Mo. App. 1; Eswin v. Railroad, 96 Mo. 290; Price v. Barnard, 65 Mo. App. 649; Jennings v. Railroad, 112 Mo. 268. (2) Plaintiff contends that the evidence clearly shows that the brick were taken under the instructions of appellants; were taken into their possession and appropriated by them, a part of them taken to the residence of one of the appellants and the others were placed on appellants' ·business property in Grant City and were there at the beginning of this action.

ELLISON, J.—This is an action of replevin wherein it is sought to recover the possession of a lot of brick.   Plaintiff prevailed in the trial court.

The defendants are attorneys-at-law and as such had a claim of C. M. Jenks for collection against one Fattig.   They procured judgment on the claim and afterwards took a chattel mortgage on a lot of brick in a kiln to secure its payment. Plaintiff claimed to own the brick in controversy, having had them taken out of said kiln and set apart for himself.   Defendants, as representatives of Jenks, and so known to be by plaintiff, demanded possession of the brick under the Jenks mortgage.   Plaintiff refused and defendants turned the mortgage over to the sheriff explaining to him that they were merely representing Jenks.   The sheriff then demanded and obtained possession of the brick, explaining to plaintiff that he was acting for Jenks.   He directed the brick hauled a distance of two miles or more and piled at a place designated by these defendants.   It was known to plaintiff and to the sheriff that these defendants had no interest in the transaction and that the action they took as herein indicated was for Jenks.

It is a rule in the law of replevin that the plaintiff can not recover unless the defendant was in possession at the date of the summons.   Penn v. Brashear, 65 Mo. App. 24; Cobbey on Replevin, sec. 433.   An exception has sometimes been stated to be that if one once wrongfully has the possession and disposes of it to *avoid* replevin he is properly made a defendant.   Cobbey on Replevin, sec. 435.   It was possibly in view of this exception that the court in giving defendants' instructions that plaintiff could not recover if defendants were merely the agents or servants of Jenks, added the qualification, "unless after said taking the defendants wrongfully appropriated the brick to their own use."   What defendants did afterwards would not make a cause of action for plaintiff where none existed at the institution of the suit.   The quali-

fication should not have been added.    The effect of the quali-
fication was to bring in issue the question of conversion,
another distinct cause of action.

But we do not care to put our decision on the foregoing
ground since another point is fatal to the case.    We are of
the opinion that defendants are not liable to the action and it
should not have been instituted against them.    The record
shows without dispute that these defendants were merely the
attorneys of Jenks endeavoring to collect for him a claim
against Fattig.    That they obtained judgment on the claim
and then had it secured by chattel mortgage on a lot of brick,
of which those in dispute were either a part or, at least, once
were.    They had the sheriff to take possession of the brick
for Jenks and had him bring them to a place designated by
them for Jenks.    Every one concerned in the transaction
knew they were not acting for themselves and that the brick
were piled up outside of any inclosure for Jenks and not in
the bodily possession of any one.    In such case it is cer-
tainly unusual to make the attorneys (thus known to all to be
only attorneys) parties to litigation in which they have no
personal concern.    We will not say that an attorney may not
so act and may not become so identified with the property of
his client as to be a proper defendant.    But we think no such
case is presented here.    Attorneys, as shown by brief of
defendants' counsel, do not render themselves personally lia-
ble for honest and legitimate service to their clients.

The judgment should be reversed and it is so ordered.
All concur.