## MALONEY, Respondent, v. NEVILLE, Appellant.

**St. Louis Court of Appeals, January 7, 1908.**

1. **HUSBAND AND WIFE: Gifts: Replevin.** Where a husband held the property of another as a pledge to secure a debt due from the other to him, he could not resist an action of replevin for the property when tendered the amount due him, on the ground that he had given the property to his wife.

2. **REPLEVIN: Possession: Husband and Wife.** In an action of replevin against a husband who had given the property sought to be recovered to his wife, where it was shown that the defendant had such control of the property that he could restore it, he could not resist the action on the ground that it was not in his possession.

Appeal from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

AFFIRMED.

*H. A. Loevy* for appellant.

(1)    Appellant did not have possession, actual or constructive, of the diamonds at any time after he had them set in a finger ring and gave the ring to his wife, which was a few months after he got them and two years before this suit was brought.    Both Dr. and Mrs. Neville as witnesses for plaintiff positively testify repeatedly that she alone owned and had possession of the ring from the time it was given her.    R. S. 1899, sec. 3917; Penn v. Brashaer, 65 Mo. App. 24; Meyers v. Lingenfelter, 81 Mo. App. 251.; Gulath v. Waldstein, 7 Mo. App. 66; Haegar v. Marcus, 5 Mo. App. 565; Davis

v. Randolph, 3 Mo. App. 456; Cobbey on Replevin, sec. 61. (2) Even Dr. Neville's having actual possession at that time (two years before suit brought), for an hour or two, did not give him any title, because Mrs. Neville did not give him her written consent to reduce the diamonds to his own possession, as required by R. S. 1899, sec. 4340; Alkire v. Ballenger, 137 Mo. 369; Hart v. Leete, 104 Mo. 335. : (3) The tender made by plaintiff before suit, was not preserved by payment of money into Court after suit, which is a vital necessity. Woolner Case, 48 Mo. App. 474; Railroad v. Clarke, 119 Mo. 372.

*Frank A. C. Macmanus* for respondent.

(1) In suits by replevin the special interests of all the parties concerned in the transaction, in the property involved in the suit, should always be ascertained and settled whenever it is practical. All equities should be determined. Hickman v. Dill, 32 Mo. 509; Dilworth v. McKelvey, 30 Mo. 149; Boutel v. Warne, 62 Mo. 350; Peters v. Lowenstein, 44 Mo. App. 406; Dilliard v. McClure, 64 Mo. App. 493. (2) A party cannot give title to that which does not belong to him. "The circumstances of the relation, and the facility with which frauds may be accomplished under the pretense of sales or gifts between husband and wife ought to be carefully weighed." Davis v. Zimmerman, 40 Mich. 24; Schooler v. Schooler, 18 Mo. App. 76. (3) If the property is in the possession or control of the defendant or defendants it is sufficient to attach liability in replevin. Davis v. Randolph, 3 Mo. App. 458.

GOODE, J.—This is a replevin action and was originally instituted before a justice of the peace against appellant E. J. Neville and Mrs. Neville, his wife. The property demanded is one pair of diamond earrings.

The trial before the justice resulted in favor of plaintiff against both Dr. Neville and his wife, and it was adjudged plaintiff was entitled to the possession of the diamonds or their value, less $135 which Dr. Neville had paid for them under circumstances to be related.     Dr. Neville alone took an appeal to the circuit court, where the case was retried and judgment rendered March 4, 1907, in favor of plaintiff.     The trial was before the court, a jury having been waived.     The court rendered a verdict and judgment that the plaintiff was entitled to the possession of the property described in the complaint, subject to a pledge of $152.35, which was tendered prior to the filing of this suit.     The value of the property was found to be $280; the value of its detention $1, and it was adjudged plaintiff pay into court $152.35, and thereupon have and recover the property, or recover from defendant its value less $152.25; that is to say, $127.65, at her option.     From this judgment Dr. Neville prosecuted the present appeal. The plaintiff, Mrs. Fredericka Maloney, had pledged the earrings in question.     Dr. Neville was the family physician in Mrs. Maloney's family, and when she was in distress for money to redeem the earrings, proffered, according to her testimony, to redeem them for her. They had been pledged for $125.     Plaintiff turned the pawn ticket over to Dr. Neville and he redeemed the jewelry. Some two years later plaintiff called on him and tendered the amount he had paid to the pawnbroker; that is, $125 principal, and $10 interest; also interest on said amount to the date of the tender, and asked that her earrings be restored to her.     This the defendant refused to do unless she would pay a bill he had for medical services rendered to her family, in addition to the amount he had paid to redeem the earrings and interest.     The amount tendered by plaintiff was $152.35. The amount demanded by defendant on account of medical attention and money expended in redeeming the

jewelry was $287. The testimony goes to show he made out a bill for said amount and gave it to the plaintiff with a notation at the bottom which stated he had charged twenty per cent interest on his account. The foregoing version of the transaction is denied by defendant, who testified the true arrangement between him and plaintiff was that he was to advance the money to redeem her earrings and treat as paid a debt of $64 which she owed for a surgical operation and thereafter doctor her family gratis; that with this understanding he redeemed the earrings, which were really purchased by him on the terms stated. Defendant further testified that after plaintiff and her husband separated, she then offered to pay the money defendant was out to redeem the earrings, with interest, and demanded them back; that he was willing to return them to her if she would pay what was owing to him for medical services to her family in addition to what he had advanced on the jewelry. The defendant represents the transaction between him and plaintiff as having been a purchase of the jewelry, though it must be admitted there are statements in his testimony which show that he, too, regarded the jewelry as turned over to him by plaintiff as security for his bill for services, and not as having been sold. He swore that some months after he came into possession of the earrings, he had the diamonds reset in one or more finger rings and gave them to his wife. But his testimony tends to prove he had the custody of the diamonds for at least part of the time, and he swore he was still ready to return them to plaintiff if she would satisfy his demand. He was asked by the court whether he had control of them and answered that he could return them, but qualified his remark by saying he supposed he could demand them of his wife and return them, but did not know whether his wife would give them up or not. No declarations of law were asked by the plaintiff, but at the request of de-

fendant the court declared that unless it found from the evidence that on the date of the institution of this suit, the defendant Dr. Neville, had actual possession of the diamonds sued for, plaintiff could not recover. Further, that if the court found plaintiff was indebted to defendant for professional services and that in payment plaintiff had transferred and assigned to him the diamonds sued for, she could not recover. The court refused to declare that under the evidence the verdict must be for the defendant, and refused to declare that if defendant presented the diamonds to his wife after they came into his possession, with the present intention of transferring the property to her, the finding must be for defendant. The court further refused to declare that if it found the defendant and his wife were husband and wife at the time this suit was instituted, and as such occupied the same house as their home, and that he gave the diamonds to her before the suit was instituted, and she had ever since kept them in their said residence, and "that he took care thereof for her," yet unless the court also found that defendant had reduced the same to his possession with his wife's express consent in writing under section 4330 (R. S. 1899) plaintiff could not recover as against him. It is manifest that the two instructions last mentioned were unsound. They left out of view the important issue of whether the goods had been sold to defendant, or he had merely advanced money to redeem them from the pawnbroker, on the understanding that they were to be returned to plaintiff when she reimbursed him. In other words, they left out of view the question of whether the absolute ownership had passed to defendant, or they were transferred to him for security. If the latter was the fact, he had no right to give them to his wife and thereby deprive plaintiff of her property. Section 6869 of the Revised Statutes of 1889 (sec. 4340, R. S. 1899) has no application to such a state of facts. Said section,

no more than any other part of the law, intends to confer on a man the right to give to his wife property which belongs to a third party.    Hence, inasmuch as the defendant could not pass the title to the earrings to his wife, it was not essential, in order for plaintiff to prevail, that it should appear defendant reacquired the property after giving it to his wife by reducing it to his possession with her written consent.

It is further argued that the evidence showed the property was in the possession and control of defendant's wife when this action was instituted, and hence there could be no judgment in replevin against her. There was room in defendant's own testimony for a finding the other way.    He swore positively he could return the diamonds to plaintiff.    In fact his statements about the transaction by which he acquired them, and about whose custody they were in when the suit was begun, were equivocal and inconsistent.    It is true that in order to recover property by replevin against a certain defendant, it must appear the property was in the defendant's possession at the date the writ issued. [Penn v. Brashear, 65 Mo. App. 24; Meyers v. Littleton, 81 Mo. App. 251.]    But the court below expressly declared this was the law.    Defendant does not complain of the court's declaration but insists the entire evidence shows the jewelry was not in the defendant's possession, but in that of his wife.    We hold the evidence was not conclusive, but permits the inference that the property was in his custody and control, and that he was able to restore it to plaintiff on her tendering what she owed him.    Mrs. Neville's testimony raises a doubt whether the jewels in controversy were the ones given to her by defendant.    We cannot encumber the opinion by quoting her testimony, but will merely state that taken in connection with her husband's, it warranted the court in finding defendant had the custody of the jewelry when the writ of replevin issued.

The court found the amount plaintiff owed defendant was $152.35, which was the amount actually tendered before the institution of the action.    But it is insisted that as plaintiff did not pay this sum into court to keep her tender good, she is not entitled to recover.    Suffice to say no such point was called to the attention of the lower court, either in the declarations of law requested, or in the motion for new trial.    In said motion the reference to the tender simply challenged the amount of it as being too small and said nothing about a failure to keep it good by paying the money into court.

The judgment is affirmed.    All concur.