CLAUDE L. MORRIS, Respondent, v. ED R. WILLIAMS, Appellant.

Kansas City Court of Appeals, June 8, 1908.

1. **TRIAL AND APPELLATE PRACTICE: Conflicting Evidence: Verdict: False Issues: Invited Error.** Where a substantial issue of fact is decided by the jury the appellate court cannot interfere, and where a false issue is permitted to be injected into the case without complaint on either side, the appellant is held to have acquiesced therein and is bound thereby.

2. **REPLEVIN: Instruction: Issues: Appellate Practice.** An instruction is held not subject to the objection of being ambiguous and fairly to have submitted the issues; and *held,* further that the question of ownership could not be raised on appeal since it was not raised at the trial.

3. **————: Verdict: Judgment: Appellate Practice.** Where the verdict in replevin is for the plaintiff the judgment should be in the alternative for the return of the property or the payment of its assessed value at plaintiff's election; and where the verdict is in proper form an irregularity in the judgment can be corrected by the appellate court without reversal.

Appeal from Ray Circuit Court.—*Hon. Frank H. Trimble,* Judge.

REVERSED AND REMANDED (*with directions*).

*Albert P. Hamilton* and *Lavelock & Kirkpatrick* for appellant.

(1) The statements of the plaintiff to the jury regarding his arrest and destitute financial condition, over the objections of the defendant, were highly improper, manifestly incompetent and certainly calculated to enlist the jury's sympathy for the plaintiff and to inflame their prejudice against the defendant, etc. Spohn v. Railroad, 87 Mo. 84; Chittey v. Railroad, 148 Mo. 78; Oglesby v. Railroad, 150 Mo. 224; Gage v. Trawick, 94 Mo. App. 311; Spiro v. Transit Co., 102 Mo. App. 266; Lehnick v. Railway, 118 Mo. App. 616. (2) The third instruction, given at the request of the plain-

tiff, was ambiguous, contradictory and erroneous, and its natural and logical effect was to confuse and mislead—perverting the issues instead of guiding the jury. Klein v. Keyes, 17 Mo. 332; Belt v. Goode, 31 Mo. 130; Morton v. Heidorn, 135 Mo. 617; Suttie v. Aloe, 38 Mo. App. 43; Worthington v. Railway, 72 Mo. App. 168; Linn v. Bridge Co., 78 Mo. App. 118.    (3)    The judgment does not conform to the requirements of the statute.    R. S. 1899, sec. 4476 (Ann. St. 1906, p. 2454); Gulath v. Waldstein, 7 Mo. App. 70.    (4)    But, if the plaintiff and the defendant were partners—and this was the plaintiff's testimony—on what theory can he maintain replevin against his partner to recover property used by the firm and in possession of the firm? This being the plaintiff's testimony, if true, it defeats his action; he cannot controvert it and must abide the consequences.

*Farris, Jr., & Roberts* and *Geo. W. Crowley* for respondent.

(1)    The testimony concerning the plaintiff's arrest and financial condition was brought out by the defendant himself, and that which was brought out concerning him by the plaintiff was not excepted to; hence even if erroneous it did not constitute reversible error. (2)    Instruction numbered 3 was an accurate statement of the law as applied to the facts relating to the sale, and has been approved.    Kirkpatrick v. Railway, 86 Mo. 341.    (3)    The judgment conforms to the requirements of the statute.    R. S. 1899, sec. 4476.    (4)    Defendants' insistence that the plaintiff could not recover because of the fact that they were partners cannot avail him, for the defendant himself testified that the plaintiff was not his partner, but his employee.

JOHNSON, J.—This is an action in replevin brought without bond before a justice of the peace for the recovery of a set of jeweler's tools and some optical

instruments. A trial in the circuit court where the case was taken on appeal resulted in a verdict and judgment for plaintiff, and defendant appealed.

Defendant owned a jewelry store in Richmond and was appointed postmaster. He employed plaintiff who was a practical jeweler and optician to operate the repair and optical goods departments of the business on an agreement that plaintiff should have a share of the profits as his compensation. This arrangement continued for a year or more when differences arose between the parties and plaintiff was discharged. The evidence of defendant tends to show that plaintiff had wrongfully converted to his own use about $900 of the proceeds of the business and that he agreed to turn over his tools and optical instruments in the store at the value of $600 to apply on this indebtedness. Plaintiff in his testimony denied the existence of the shortage and of the agreement to sell his tools and optical instruments to defendant and his evidence shows that the tools belonged to him and were in the possession of defendant who wrongfully detained them after legal demand for their possession had been made by plaintiff. Further, it appears in evidence that immediately following the disruption of amicable relations between the parties, defendant caused plaintiff to be arrested. Plaintiff then brought this suit.

The main issue of fact submitted to the jury in the instructions given at the request of each party was whether or not plaintiff was indebted to defendant and sold and delivered his tools to him in part payment of that indebtedness. The verdict returned was as follows: "We, the jury, find that the defendant wrongfully detained the property mentioned in plaintiff's statement and evidence and as follows, to wit (describing the articles) and that the same has not been delivered to plaintiff; and we assess the value of said property at $150 and assess the damages for the detention

of the same and the injury thereto at $————. We find that there are no damages." In the judgment rendered on this verdict, it was ordered and adjudged "that the plaintiff do have and recover said property or in lieu thereof if said property can not be found, it is considered, ordered and adjudged by the court that the plaintiff have and recover of and from the defendant the sum of $150, the assessed value of said property, together with the costs of this suit taxed at $62.05 and that he have execution therefor."

The first point made by defendant for a reversal of the judgment thus is stated in the brief of his counsel: "The statements of the plaintiff to the jury regarding his arrest and destitute financial condition, over the objections of the defendant, were highly improper, manifestly incompetent and certainly calculated to enlist the jury's sympathy for the plaintiff and to inflame their prejudice against the defendant and being followed by a responsive verdict in his favor unsustained by proper supporting evidence, warrants the presumption that such verdict was the result of sympathy, partiality, passion or prejudice, and appellate courts do not hesitate to reverse judgments founded on verdicts so procured because they are not based on the corner stone of substantial justice."

The evidence of plaintiff, though contradicted by that of defendant is substantial. It shows beyond question that the property in controversy belonged to him at the time of the commencement of the suit as well as at the time of the trial and that it was wrongfully detained by defendant. The evidence of defendant shows a different state of facts and is substantial. An issue of fact thus was presented which the jury have solved in favor of plaintiff. It is enough that we find the verdict and judgment to be supported by substantial evidence. We do not weigh conflicting evidence in the balance; that function belongs exclusively to the triers

of fact. We do not find it necessary to decide whether the evidence of plaintiff's arrest and financial condition was relevant to the proper issues of the case. Each party went into that subject without objection from the other. If defendant thought the evidence improper, he should have objected to its admission when it was offered, or, at least, have moved that it be stricken out. He now is in no position to complain of the injection of a false issue into the case, in which he acquiesced at the trial, and for which, indeed, he is as much responsible as his adversary.

The third instruction, given at the request of plaintiff, is criticised on the ground that it "was ambiguous, contradictory and erroneous and its natural and logical effect was to confuse and mislead, perverting the issues instead of guiding the jury." We find it to be free from error. It correctly and clearly declares the law of the case and is the counterpart of instructions given at the instance of defendant. The instructions as a whole submitted the issues fairly.

Further, it is argued for a reversal that the evidence of plaintiff tends to show that he and defendant were partners and, therefore, that he can not maintain replevin for partnership property. No such issue was raised in the pleadings, evidence or instructions. The point obviously is so devoid of merit that it should be dismissed without discussion.

Finally, it is urged that the judgment as rendered is erroneous being out of conformity with the requirements of the statute. Where the defendant fails in his defense and has the property in his possession, the statute provides (section 4476, Revised Statutes 1899) that "the judgment shall be against the defendant . . . that he return the property or pay the value so assessed *at the election of the plaintiff*," etc. The judgment before us, though in the alternative, does not give plaintiff the option of taking the property (if its return

be offered) or its assessed value. A judgment in replevin should be in the alternative where it is against the party having the possession (Cobbey on Replevin (2 Ed.), section 1105), and it should give the alternatives prescribed by the statute. [Gulath v. Waldstein, 7 Mo. App. 66.] But where, as here, the verdict is proper, an irregular judgment may be corrected by the appellate court and should not be treated as an error compelling a retrial of the cause. [Cobbey on Replevin, section 1089.] Accordingly the judgment is reversed and the cause remanded with directions to enter judgment on the verdict in conformity with the statute. None of the costs of this appeal are to be taxed against the respondent. All concur.