COLLINS *et al.*, Plaintiffs in Error, v. HOUGH, Defendant in Error.*

1. In suits for the possession of personal property, under article 8 of the practice act of 1849 (Sess. Acts, 1849, p. 82), the provisions of the replevin act of 1845 (R. C. 1845, p. 922) are applicable so far as it may be necessary to resort to them to prevent a failure of justice; the provisions of said article govern as far as they are applicable.

* NAPTON, Judge, having been of counsel, did not sit at the hearing of this cause.

2. Where, in an action under the 8th article of the practice act of 1849, the plaintiff gives a return bond and receives the property sued for, and fails to prosecute the action, an assessment of the value of the property and damages for its detention may be made, and judgment against the plaintiff rendered, as directed in sections 8 and 9 of the replevin act of 1845.

3. Summary statutory proceedings against the securities in the return bond must be had under section 9 of the 8th article of the practice act of 1849.

4. Double damages for the detention of the property by the plaintiff can not be given against his sureties.

*Error to Henry Circuit Court.*

The facts are sufficiently set forth in the opinion of the court.

*Troxell,* for plaintiffs in error.

I. The bond on which the motion and judgment complained of were founded was given under and in pursuance of the practice act of 1849; and upon the failure of Collins to prosecute his said original suit for the recovery of said slave with effect, and to return said slave, and pay the damages occasioned by the taking and detaining thereof, defendant might perhaps have brought a *suit* upon the bond against the principal and securities in that bond; but the defendant having elected to proceed by motion under the statute, he was bound to give notice to the obligors in the bond.

II. There was no authority for doubling the damages assessed by the jury.

III. It was error in the court below to proceed as it did without notice, and no motion by the obligors in the bond to set aside such proceedings need have been made.

IV. The act of 1845 entitled " An act regulating the action of replevin," was, as is supposed, repealed by the practice act of 1849; but, however that may be, the judgment of the court below was nevertheless erroneous; because, conceding that the above act of 1845 was not repealed, then the remedy given by the practice act of 1849 is a cumulative one, and the suit in which the bond in question originated was properly brought under the act of 1849. It is therefore immaterial whether the act of 1845 was or was not in force at

the time of the rendition of the judgment of the court below. The proceedings of Collins for the specific recovery of the slave Paulina were prosecuted under the act of 1849. The bond in question was executed under that act, and the defendant was bound either to bring suit upon that bond or to proceed by notice and motion thereon under the act of 1849. The defendant can not now invoke the aid of the act of 1845.

*Wright* and *Ryland*, for defendant in error.

I. No notice to the securities was required, and judgment for double damages was rightly rendered. Judgment was not rendered on the bond, and the statute only required notice to the defendant when this was done.

II. The provisions of the statute of 1848 on replevin, which related to the rights of defendants when plaintiff failed to prosecute his suit with effect, were not repealed by the act of 1849. They have been incorporated into the revision of 1855, except as to double damages. Judgment might still be taken either for the possession of the property or for the value, and in either case for damages. (1 Whitaker's Prac. 238; 3 Sandf. 614.) Those sections of the statute of 1848, under which this judgment was rendered, were consistent with the code of 1849, and consequently continued in force.

If this court should hold that the court erred in rendering judgment for double damages, we remit the double damages, and ask this court to render judgment for single damages.

RICHARDSON, Judge, delivered the opinion of the court.

Collins commenced an action in 1852 against Hough under the 8th article (claim and delivery of personal property) of the practice act of 1849, to recover the possession of a negro woman. Upon filing the necessary affidavit an order was made on the defendant requiring him to deliver the slave to the sheriff, and thereupon the plaintiff executed the bond required by the third section and received the possession of the slave. At the November term, 1855, the plaintiff failed to appear and prosecute the suit, and thereupon a jury was

called, who assessed the value of the slave at five hundred dollars, and the damages for the taking and detention of her at one hundred and eighty dollars, upon which verdict the court rendered judgment against the plaintiff and his securities, that they return the slave to the defendant or pay the said sum of five hundred dollars, and that the defendant recover of the plaintiff and his securities double the damages assessed by the jury. This judgment was rendered without notice to the sureties.

The question presented here is, whether, as against the sureties, the 9th section of the 8th article of the act of 1849 provides the exclusive statutory remedy, or is only cumulative and concurrent with the 9th section of the replevin act of 1845. It is very evident that the 8th article does not furnish the machinery necessary to execute itself. It fails to provide the form or character of the judgment, or to indicate how the action shall proceed, and the whole remedy contemplated by the act would fail without the authority to borrow from another statute the means to perfect it. The act of 1849 assumed that contingencies would arise for which it did not provide, and therefore permitted a resort to the former system of practice. The 4th section of the 30th article declares that " all statutory provisions inconsistent with this act are repealed," but provides in another clause that " if a case shall arise in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, can not be had under this act, the practice now in use may be adopted so far as may be necessary to prevent a failure of justice."

As a general rule the plaintiff may dismiss his suit at any time before the cause is submitted to the court or jury, but he can not retreat at pleasure in an action when he has obtained from the defendant the possession of the property claimed; and therefore, as to the plaintiff, the 8th and 9th sections of the act of 1845 should be employed as a necessary means of carrying out proceedings initiated under the act of 1849, and, as an incident to the judgment, the 10th, 11th and

12th sections of the old law should also be considered in force. But the act of 1849, as far as it goes, must control, and the former practice can only be brought to its aid "*so far as may be necessary to prevent a failure of justice.*"

The undertaking of the sureties can not be extended beyond the conditions of the bond prescribed by the third section. They do not engage to pay any penalties in the nature of double damages or otherwise, but they only undertake that the plaintiff will prosecute the action, return the property to the defendant, if return thereof be adjudged, and pay such sum as may, for any cause growing out of the order in the cause, be recovered against the plaintiff; and as the ninth section of the act of 1849 presents a remedy for a breach of the bond, it is the exclusive summary remedy, and is the only remedy against the sureties, except the common law action on the bond, which exists without the statute.

The subject is embarrassing and our conclusion is stated with hesitation; for whilst it is manifest that some portion of the old system was continued in force, it is difficult to say how much of it must be incorporated in the new. It is presumed, however, that but few questions like this can arise, for the revised act of 1855 undertakes to cover the whole ground and to present a complete system.

Judge Scott concurring, the judgment will be reversed and the cause remanded.