BERGHOFF, Plaintiff in Error, v. HECKWOLF *et al.*, Defendants in Error.

1. In an action for the possession of personal property under article 8 of the practice act of 1849 (Sess. Acts, 1849, p. 82), the plaintiff can not, by taking a nonsuit, prevent a judgment being rendered against him for a return of the property, or for damages.

2. If the plaintiff should dismiss his suit, and the defendant should omit to have the damages assessed or judgment rendered for the return of the property, the defendant would have a complete remedy by action on the bond given by plaintiff under section 3 of article 8 of the practice act of 1849.

3. The condition in such a bond to prosecute the action is a condition to prosecute it with effect, that is, with success; if the plaintiff voluntarily takes a nonsuit, this will amount to a breach of such condition, and the obligee may in an action on the bond recover full damages, within the limit of the penalty, without first obtaining a judgment for the return of the property or for damages.

4. In actions in the St. Louis law commissioner's court for the possession of personal property, under article 8 of the practice act of 1849, although the court could not entertain jurisdiction where the value of the property claimed exceed $150, yet, if the plaintiff failed to prosecute his action, the law commissioner's court might have rendered judgment against the plaintiff for an amount exceeding $150 and within the penalty of the bond given by himself.

*Error to St. Louis Court of Common Pleas.*

This was an action on a bond executed by defendants in a suit, under article 8 of the practice act of 1849, for the possession of a horse. Heckwolf and Kuhn, two of the defendants in the present suit, sued Berghoff for the possession of said bond. They gave the customary bond required by section 3 of said article 8, and the horse was given into their possession. When the cause came on for trial said plaintiffs voluntarily took a nonsuit. No judgment for the return of the property appears to have been rendered, and no damages for the detention of the horse, &c., awarded to defendant Berghoff. The breach assigned in the present action is that said Heckwolff and Kuhn did not prosecute said action. That portion of the petition, in which the plaintiff set forth the extent and nature of the damage received by him, was stricken out on motion of defendants. The plaintiff thereupon took a nonsuit, with leave, &c.

*H. N. Hart,* for plaintiff in error.

*S. A. Holmes, Romyn,* and *Krum & Harding,* for defendants in error.

RICHARDSON, Judge, delivered the opinion of the court.

The plaintiff in a replevin suit can not, by a discontinuance of the action, or by suffering a nonsuit, prevent a judgment being rendered against him for damages or for the return of the property. (3 Black. Com. 149; Smith v. Winston, 10 Mo. 299; Collins v. Hough, 26 Mo. 149.) And it was decided in the case last cited that the 8th and 9th sections of the replevin act of 1845, as against the plaintiff, remained in force as a part of the machinery necessary for perfecting proceedings commenced under the act of 1849.

If, however, the plaintiff dismisses his suit and the defendant omits to have the damages assessed or judgment given for the return of the property, the defendant ought not on that account to be denied a full right of action and a complete remedy on the bond.

The conditions of the bond to be executed by the plaintiff in actions of replevin, by the third section of the eighth article of the act of 1849, are "for the prosecution of the action, for the return of the property if return thereof be adjudged, and for the payment to him of such sum as may for any cause growing out of the order in the cause be recovered against the plaintiff." If return of the property is adjudged, or damages are recovered, and the plaintiff fails to satisfy the judgment, in declaring on the bond breaches of course would be assigned on one or both of the two last conditions. But if the defendant prevails by the nonsuit of the plaintiff, and no judgment is given for damages, or for the return of the property, as the two last conditions would not be broken, the defendant would be without a complete remedy, by the default of the plaintiff, unless the failure to prosecute the action to a successful termination is a forfeiture of the bond. The plaintiff ought not, by dismissing his suit, to put the defendant in a worse condition than he was before, or gain for himself the advantage of escaping with a judgment for only nominal damages on the broken condition "for the prosecution of the action." The condition to prosecute the action means to prosecute it with effect, which is an equivalent term for prosecuting with success; and as the conditions of the bond are independent, a breach of either of them will occasion a forfeiture; and on the broken condition for the prosecution of the action the obligee may recover full damages within the limit of the penalty, without first obtaining a judgment *de retorno habendo* or for damages. (Norris on Replevin, 190; Brown v. Parker, 5 Blackf. 291; Rowan v. Strattan, 2 Bibb. 199; Gibbs v. Bartlett, 2 Watts. & Serg. 29; Waterman v. Yea, 2 Wilson, 42; Perreau v. Beran, 5 Barn. & Cres. 284.)

The bond prescribed by the British statutes contains but two conditions, viz., for the prosecution of the suit with effect, and for the return of the property replevied in case a return be awarded. The replevin bonds taken under the statutes of Indiana, Kentucky and Pennsylvania are to the

same effect; and our bonds are substantially like theirs with the addition of another condition. Holroyd, justice, observed, in Perreau v. Beran, that "this is a case in which the bond was taken pursuant to the statute II. G. 2, c. 19, § 23, and conditioned, not merely for making such return if it should be adjudged, but also for *prosecuting the suit with effect;* and the condition of the bond is broken and the bond forfeited, as well by not prosecuting the suit with effect, as by a default of making a return of the distress on such return being adjudged, each part of the condition being independent of the other, and the bond forfeited by a failure in either. The failure of prosecuting the suit with success is, we think, a failure of prosecuting the same with effect."

The conditions prescribed by the statute (2 N. C. 1855, p. 1288) to a recognizance for an appeal are, "that the appellant will prosecute his appeal with due diligence to a decision in the supreme court, and shall perform such judgment as shall be given by the supreme court, or such as the supreme court may direct the circuit court to give; and if the judgment of such court, or any part thereof, be affirmed, that he will comply with and perform the same so far as it may be affirmed, and will pay all damages and costs which may be awarded against the appellant by the supreme court." Now it often occurs that appeals are dismissed in this court so that no judgment is given here; nor any directed to be given by the circuit court; nor is the judgment affirmed; and in such cases the only breach that could be assigned would be for not prosecuting the appeal with due diligence; and to hold that for the breach of this condition merely nominal damages can be recovered, would not only deprive the appellee of any substantial security by the recognizance, but would open the door to a system of fraud and perjury that would invite appeals only for delay to be dismissed when reached in their order on a crowded docket.

The defendant in the replevin suit in the law commissioner's court might have had his damages assessed after the suit was discontinued by the plaintiff; for, although the nonsuit

ended the controversy as to the title to the property in dispute, the case remained in court until its incidents were determined; and the plaintiff is mistaken in supposing that he could not have recovered damages for a greater sum than one hundred and fifty dollars; for as the law commissioner has "jurisdiction in all actions for the claim and delivery of personal property, when the value of the same shall not exceed one hundred and fifty dollars," the necessary incident attaches to his jurisdiction, when the defendant prevails, of rendering such judgment as he may be entitled to, though the amount may exceed that sum.

The other judges concurring, the judgment will be reversed and the cause remanded.