HANSARD, Plaintiff in Error, v. REED, Defendant in Error.

1. Where, in an action under the eighth article of the practice act of 1849, the plaintiff gives a return bond and receives the property sued for, and fails to prosecute the action with effect, an assessment of the value of the property and of damages for its detention may be made and judgment against the plaintiff rendered, as directed in sections eight and nine of the replevin act of 1845. Summary statutory proceedings may also be had under section nine of the eighth article of the practice act of 1849. The party may also, after the final determination of the suit, resort to his common law action on the return bond, and may recover full damages within the limit of the penalty, although no judgment may have been rendered for the return of the property or for damages.

2. Where, in an action under the eighth article of the practice act of 1849, the plaintiff gave a return bond and received the property sued for, and the court sustained a demurrer to the petition, and gave judgment for costs against the plaintiff, no assessment of the value of the property or of damages for its detention being made, nor a return of the property awarded, and afterwards the court at the same term granted the plaintiff leave to amend his petition; *held*, that the grant of leave to amend impliedly set aside the judgment for costs against plaintiff and reinstated the cause; and that the cause being still undetermined it would be premature for the defendant to institute a suit on the return bond.

*Error to Callaway Circuit Court.*

The facts sufficiently appear in the opinion of the court.

*Hardin & Hayden*, for plaintiff in error.

I. The only point raised in the court below and for decision here is as to the assessment of damages upon the breach "to prosecute the action with effect." (See Berghoff v. Heckwolf, 26 Mo. 512; Morris on Replevin, 590; Brown v. Parker, 5 Blackf. 291; Rolvan v. Stratton, 2 Bibb; Gibbs v.

Bartlett, 2 Watts & Serg. 29; Waterman v. Yea, 2 Wilson, 42; Perrean v. Beran, 5 Barn. & Cress. 284.) Any judgment which is in its nature final is all that the authorities require. There was a final judgment in this case. (See Palmer v. Crane, 8 Mo. 619; Smith v. Wilson, 10 Mo. 300.)

The court committed error in excluding the evidence by the plaintiff in reference to the value of the slave Milly and the value of her hire which constituted the essential demand and cause of action of plaintiff. (R. C. 1855, p. 1245, § 11, p. 1246, § 19.) The court committed error in refusing the instructions asked for plaintiff, and in giving the instructions as prepared and given by the court. (R. C. 1855, p. 649, § 7.)

*Gardenhire & Boulware*, for defendant in error.

I. No final judgment appearing upon the record, the cause must be dismissed. (R. C. 1855, p. 1294, § 1; 3 Mo. 238; 5 Mo. 62, 64; 8 Mo. 619, 622; 9 Mo. 179; 20 Mo. 432.) There was no error in excluding the evidence of the value and hire of the negro, nor in refusing and giving instructions. (R. C. 1855, p. 1243, § 3.) Return of the negro was not adjudged, and a failure to return was no breach of the bond. The terms of the obligation are prescribed by statute and are different from those prescribed by the third section of the act of 1849, under which Berghoff v. Heckwolf, 26 Mo. 511, was decided. The assessment of the value of the property and damages is important; (R. C. 1855, p. 1245, § 11;) and the judgment goes against the plaintiff and his securities. (R. C. 1855, p. 1245, § 12.) The writ of *returno habendo* is revived. (R. C. 1855, p. 1246, § 18.)

SCOTT, Judge, delivered the opinion of the court.

This was an action on a bond given in a suit for the claim and delivery of personal property. The suit on which the bond was taken was begun under the act of 1849, before the code of 1855 went into operation. A demurrer having been sustained to the petition filed in the suit on which the bond was taken, there was a judgment for costs against the

plaintiff, but no assessment of the value of the property or of damages for its detention; nor was any return of the property awarded. After this judgment, and during the same term, the court granted the plaintiff leave to amend his petition. From the record of the case, as it is in the bill of exceptions, it does not appear that any further steps were taken in it—there being no return of the property awarded, nor its equivalent in damages, nor any damages awarded for its detention. This suit was commenced on the bond to recover the value of the property and damages for its detention. The court below held that the plaintiff in this suit on the bond could not recover the value of the property delivered to the defendant in the action in which he was plaintiff and in which he executed the bond, the foundation of this suit.

The defendant was mistaken in supposing the bond on which this suit is brought was executed under the code of 1855. It was made before that code went into operation, so that this case does not differ from that of Berghoff v. Heckwolf, 26 Mo. 511, and would be decided by it but for the reason that this suit was brought prematurely—the suit on which the bond, the foundation of this action, was given not having been finally disposed of when this proceeding was commenced. As the court gave the plaintiff leave to amend his petition, such a step on the part of the court impliedly set aside the judgment against the plaintiff, and reinstated the cause on the docket, where it is still pending. In the case of Lane v. Kingsbury, 11 Mo. 408, this court held that as the new trial could not have been granted but by setting aside the former judgment, the granting of the new trial impliedly set aside that judgment.

As the effect of reversing this judgment on the ground on which it is placed is to declare the first suit still pending, the plaintiff in this action can defend that suit, and if he succeeds he can proceed in the manner pointed out in the act of 1849, as it is explained in the case of Collins v. Hough, 26 Mo. 152; or when the cause is finally disposed of he may sue on the bond. The other judges concurring, the judgment will be reversed.