BALDWIN et al., Respondents, v. DILLON, Appellant.

1. In suits for the possession of personal property, under the eighth article of the practice act of 1849 (Sess. Acts, 1849, p. 82,) if the defendant gave a forthcoming bond, as allowed by said article, with sureties, judgment could be rendered against the sureties only in the mode pointed out in the ninth section of said article.

* This case is still pending upon a motion for a rehearing.

Baldwin v. Dillon.

*Appeal from Buchanan Court of Common Pleas.*

The facts sufficiently appear in the opinion of the court.

*Hall, Vories & Vories,* for appellant.

I. The court improperly excluded from the jury the will of W. P. Flint. The instructions given were erroneous. The verdict and judgment are entirely erroneous. The verdict is a verdict in trover for damages. The court could not on such a verdict render a judgment against the securities. (4 Black. 19; 13 Mo. 209.) The verdict is not in conformity to law.

*Woodson & Loan,* for respondents.

I. The court committed no error in giving or refusing instructions. The instructions given on the part of the plaintiff, as qualified and restricted by those given on the part of defendant, presented the law of the case fairly before the jury, and the judgment of the court ought not to be reversed on account of an erroneous instruction, which it is evident could not have prejudiced the party excepting. (7 Mo. 416; 8 id. 224; 9 Mo. 302; 10 Mo. 62.) Some three or four witnesses fix the value of the slave at one thousand dollars. No injury was done the defendant. The judgment is sufficient. (Hoenthal v. Watson, 28 Mo. 360.)

NAPTON, Judge, delivered the opinion of the court.

This suit was brought to recover a slave which the plaintiffs alleged to belong to them. The suit was brought under the provisions of the eighth article of the act of 1849. One of the instructions, given by the court to the jury which tried the case, was that the measure of damages was the value of the slave at the commencement of the suit and six per cent. interest thereon. The verdict of the jury was, " We, the jury, find for the plaintiffs and assess their damages at eight hundred dollars, and interest at six per cent. from the commencement of the suit, being nine hundred and thirty-six dollars and fifty cents." The judgment was, that plain-

tiff recover nine hundred and thirty-six dollars and fifty cents against the defendant and his securities in the bond given to the sheriff for the detention of said slave, as and for their damages, and also their costs and charges.

The suit appears to have been tried by the court and jury as an action of trover would have been before the introduction of the new system of pleading. The value of the slave was not found, nor was any judgment rendered for the return of the slave to the plaintiffs. The finding of the jury may be understood as a finding that the plaintiffs were the owners of the property sued for and were entitled to the possession. The value of the slave is given, as we conjecture, in the form of damages, inasmuch as the instructions of the court authorized the jury to assess the value of the slave at the commencement of the suit as damages.

The eighth article of the act of 1849, concerning the claim and delivery of personal property, is manifestly imperfect, and to remedy its defects and omissions resort has been had to the code of 1845. (Shaffer v. Falduesch, 16 Mo. 337; Collins v. Hough, 26 Mo. 149; Berghoff v. Heckwolf, 26 Mo. 511.) But the replevin act of 1845 was essentially different in spirit from the code of 1849 in the remedy provided for the recovery of specific property. The replevin act of 1845 did not allow a cross replevin, made no provision for the defendant's retaining the property when the plaintiff followed the prescribed course of proceeding. Nothing is said, therefore, in the code of 1845 about the defendant's securities, as no such case was contemplated. The ninth section of the eighth article of the act of 1849 is the only provision touching this subject, so far as the bond of defendant is concerned, and there is no authority in that section for a judgment against the securities, except in the mode pointed out in the section, and this was not pursued here.

The failure of the jury to assess the value of the slave in so many words, and of the court to give a judgment, either for a return of the slave, or for her value, are errors which could not, so far as we can see, injure the defendant; but

the defendant's securities are not responsible, except in the mode pointed out by the statute, and no motion in arrest of judgment was necessary to save this point. The judgment of the court must therefore be reversed for this error.

A great number of instructions were given in this case, touching the title to the slave sued for—indeed all the instructions which were asked on both sides—and no substantial objection is made to them. The will of W. P. Flint, by which he undertook to dispose of the slave, was no evidence of his title, and was therefore rightly excluded.

Judgment reversed and case remanded. The other judges concur.