WILLIAM G. MOORE, Appellant, v. THOMAS SIMMS, Respondent.

Kansas City Court of Appeals, December 7, 1891.

Replevin: BAILMENT : CONVERSION.   A mere bailment to keep and care for an animal confers no authority on the bailee to sell, and a purchase from him amounts to a conversion, and the bailor's right to replevin arises forthwith without demand.

*Appeal from the Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED AND REMANDED.

*A. W. Mullins*, for appellant.

(1)  The law is well settled that the purchase of property from one who had no right to sell constitutes a conversion, and the owner of the property can sustain replevin without demand, and the good faith of the buyer is no defense.   Wells on Replevin, sec. 365, p. 207 ; *Williams v. Merle*, 11 Wend. 80 ; *Gilmore v. Newton*, 9 Allen ( Mass.) 171 ; *Farley v. Lincoln*, 51

Moore v. Simms.

N. H. 577. (2) The doctrine now is that any taking or assumption of a right to control or dispose of property constitutes a conversion. *Warnick v. Baker*, 42 Mo. App. 439; *Allen v. McMonagle*, 77 Mo. 478; *Ireland v. Horseman*, 65 Mo. 511; *Nanson v. Jacob*, 93 Mo. 340; Cooley on Torts, p. 448. And where there has been a conversion of property the plaintiff may either bring his action in replevin or for conversion. While the form of proceeding is different, and the results are not necessarily the same, these actions are strictly analogous in all their governing principles. Wells on Replevin, secs. 44, 45, pp. 31–33; *Sawtelle v. Rollins*, 23 Me. 196; *Dudley v. Ross*, 27 Wis. 679; *Gallagher v. Bishop*, 15 Wis . 303; *Clark v. Skinner*, 20 John. 467; *Pace v. Pierce*, 49 Mo. 393.

GILL, J.—This is replevin for a cow and her calf. The facts are: Plaintiff Moore owned a farm in Sullivan county, and on this farm he had a number of cows, the animal in controversy being one of them. Moore leased the farm for a period of five years beginning March 1, 1889, to one Gossett, and in this agreement of renting Gossett undertook to keep and care for the cows and was to have therefor one-half of the increase. Gossett failed to pay the first year's rent, and Moore thereupon sued for the rent and possession, and judgment was rendered in Moore's favor on January 23, 1890. Thereupon Gossett, before being actually ousted from the farm, drove away and sold a number of plaintiff's cows; the cow here in controversy being bought by defendant, who it seems thought Gossett was the owner, or at least had authority to sell the animal.

Upon these facts the court, sitting as a jury, found for defendant, and from a judgment thereon plaintiff has appealed.

We fail to understand upon what theory this case was decided in defendant's favor. Defendant's counsel has furnished no brief, and, from the facts as they are

made to appear through plaintiff's abstract, his right to recover the cow and calf seems beyond question. The animal was all the time the property of the plaintiff; Gossett was only a bailee. He was to keep and care for the animal, and as compensation therefor was to have one-half of the calves the cow might drop. But before she had a calf, Gossett wrongfully drove the cow off, and sold her to defendant. By the terms of the agreement, Gossett had no authority to sell the cow.° Upon what principle then can defendant's claim of title be supported? The sale to, and purchase by, defendant amounted to a conversion, however innocent in fact may have been the defendant's intentions, and the plaintiff's right to maintain replevin arose forthwith without demand. Wells on Replevin, secs. 44, 45, 365 ; *Norman v. Horn*, 36 Mo. App. 422 ; *Warnick v. Baker*, 42 Mo. App. 442. The judgment is reversed, and the cause remanded. All concur.