ANNA M. CLARK, Respondent, v. DANIEL W. SUB-
LETTE, Appellant.

### Kansas City Court of Appeals, April 2, 1906.

1. **TRIAL PRACTICE: Motion for New Trial: Reference to In-
   structions.** A motion for new trial complained of instructions
   three and five. There were no such instructions but only in-
   structions one and two. *Held,* respondent was not misled by
   the motion.

2. **REPLEVIN: Possession: Officer's Return: Statute.** An officer
   in a replevin suit should state the facts in his return, and as
   a general rule his return is conclusive between the parties;
   but since in replevin the plaintiff must show that at the date of
   the institution of the suit defendant was in possession of and
   wrongfully detaining the property, the return of the officer is
   not conclusive on the question of possession, as the time of
   the service of the writ may be, and often is, a different date
   from the institution of the suit.

3. ———: ———: **Instructions: Defense.** An instruction that au-
   thorizes a recovery on finding that plaintiff is the owner of
   the property, is fatally defective where the defendant is deny-
   ing the possession of it at the time of the institution of the
   suit.

Appealed from Adair Circuit Court.—*Hon. Nat. M.
Shelton,* Judge.

REVERSED AND REMANDED.

*A. D. Risdon, Reiger & Reiger* and *Campbell & Elli-
son* for appellant.

(1) The defendant contends the instruction is er-
roneous, for the reason that there were two defenses in-
terposed and proven on behalf of the defendant. But we
contend earnestly that such instruction eliminates the
second defense, a defense perfect and complete in itself.
(2) It is elementary that an action in replevin, cannot
be maintained against a person who has neither the pos-
session nor control of property. Land Co. v. Company, 87

Mo. App. 167; Bank v. Metcalf, 29 Mo. App. 395; Fisk v. Phelps, 30 Mo. App. 431; State v. Herrell, 97 Mo. 105. (3) Instructions which are repugnant or ignore the theory of one of the parties, is error. Evers v. Shumaker, 57 Mo. App. 454; Davis v. Randolph, 3 Mo. App. 454; Rogers v. Davis, 21 Mo. App. 150.

*Millan & Greenwood* for respondent.

(1.) The officer's return shows that the property was taken by him from defendant's possession. That he was in possession, is therefore not a disputable fact in this case. Sams v. Armstrong, 8 Mo. App. 573; Decker v. Armstrong, 87 Mo. 416; State ex rel. v. Finn, 100 Mo. 429. (2) If defendant cannot dispute the return of the constable, then he was in possession of cow, which is the only fact he disputes, so far as this appeal is concerned. (3) As defendant was in the actual physical possession the suit could only be brought against him. The case of Talbot v. Magee, 59 Mo. App. 347, is not in point.

BROADDUS, P. J.—This is a suit begun in a justice's court where it was tried and appealed to the circuit court, where it was again tried and judgment rendered against appellant, who appealed to this court.

The property in controversy is a cow of the value of $40. On the trial, plaintiff introduced evidence tending to show she was the owner of the cow; that the same was wrongfully detained by defendant at the time of the institution of the suit; and that defendant claimed to have possession of the property at that time, and that he resisted the officers charged with the execution of the writ. Defendant's evidence tended to show that plaintiff did not own said cow; that at the date of the commencement of the suit it was owned by his mother, Sarah Sublette; that he never claimed to be the owner; that he never had the cow in his possession, or under his control;

that Sarah Sublette owned and had at all times possession and control of it; that he, with a brother and sister, resided on a farm owned and controlled by his mother, the said Sarah; and that he did not resist the officer in serving the writ.

The defendant contends that the court erred in giving and refusing instructions. In his motion for new trial he complains of the giving of instructions numbered three and five. Upon examination, we find there were no instructions thus numbered. But appellant says that he was mistaken in the numbers, that he had reference to those numbered one and two, and that plaintiff so understood the matter. It was an evident mistake, as only instructions one and two were given for plaintiff, and the other side could not have been misled by the false numbering.

Instruction numbered one is as follows: "If the jury believe from the evidence, that at the time of the institution of this suit, the plaintiff was the owner of the cow described in the statement, then your verdict must be in favor of the plaintiff." The instruction leaves out the question of whether the cow was in the possession of and detained by the defendant. As there was evidence tending to show that defendant was not in the possession of the cow at the time of the service of the writ, the instruction was defective—unless he was concluded by the return of the constable, who stated in his said return that he took the cow from the possession of defendant.

But defendant insists that the statement of the officer's return did not bind him, as the officer's statement was one which he was not required to make. Section 3905, Revised Statutes 1899, provides for a combined order of delivery and summons in cases of replevin, wherein the officer is required to take the property described from the possession of the defendant and deliver it to plaintiff, to serve the summons and "make due return thereof." It seems that it was clearly the duty of the officer in his return to state the facts. He could not

execute the order of delivery unless he found the property in the possession of the defendant, and his return must show that fact. If he did not find it in the possession of the defendant he could not execute the order, and the property itself would not be subject to the jurisdiction of the court. It is a general rule that, "the return of the officer to mesne or final process is conclusive as between the parties." [State ex rel. Beckwith v. Finn, 100 Mo. 429; Decker v. Armstrong, 87 Mo. 316.] In a former opinion we held that the rule applied to this case, but a motion for rehearing was sustained and the matter is before us for reconsideration.

It is also a well-established rule, that, in order for a plaintiff to maintain an action of replevin, he must show that at the date of the institution of his suit the defendant was in possession of the property in controversy and that he wrongfully detained it. "The defendant in an action of replevin is entitled to an instruction of nonsuit, when the proof fails to establish that he was in possession of the property sued for at the date of the commencement of the action." [Penn v. Brashear, 65 Mo. App. 24; Davis v. Randolph, 3 Mo. App. 454; Gulath v. Waldstein, 7 Mo. App. 66.] Such being the law, the return of the officer that he took the property from the possession of defendant is not conclusive that he had such possession at the time suit was instituted, as time of the service of the writ may be and is often a different date from that when the suit was instituted. It has been held in other jurisdictions, however, that the return of the officer is prima facie evidence of such fact subject of course to be overcome by evidence to the contrary. [Pitts Agri. Works v. Young, 6 South Dakota 557; Peterson v. Lodwick, 44 Nebraska, 771.]

The instruction given by the court at the instance of the plaintiff was erroneous in that it did not require her to show that defendant was in possession of the cow at the time of the institution of the suit, as the defendant had made an issue as to that fact, and offered evi-

dence tending to show that the animal was the property of his mother and had at all times been in her possession. For the error, the cause is .reversed and remanded. All ·concur.