# CENTRAL MISSOURI TRUST CO., Respondent, v. DIETRICK WULFERT, et al. Appellants.

## Kansas City Court of Appeals, December 31, 1917.

1. **REPLEVIN: More Than One Defendant: Misjoinder.** In a replevin suit for two horses against two defendants, the latter plead misjoinder based solely on a lack of community of interest or title in the property, and not upon any claim as to who took the property or as to whose possession it was in at the time of the commencement of the suit and the issuance and service of the writ. Both defendants, in their testimony, admitted that at that time both horses were in possession of one of them. Hence, plaintiff was entitled to maintain replevin as to both horses had the suit been brought against that one alone. The other need not have been made a defendant, but as he sought to defeat the action by contesting plaintiff's title to one of the horses and made no claim that he should not have been sued because he was not concerned in the taking or withholding possession, nor that he innocently obtained possession from the other defendant, he is not entitled to be discharged from the case. If he did not join in taking the property he did join in withholding it and made the other's act his act as much as if he had gone with his co-defendant and took the animals.

2. ———: ———: ———: **Joint Judgment.** A joint judgment in replevin can be rendered only against parties shown to have a community of interest in the property or to have both been concerned in the taking or detention.

3. ———: **Demand When Necessary: Wrongful Taking.** Where the taking of the property is wrongful and the plaintiff has not consented thereto, no demand is necessary to enable him to maintain suit.

4. ———: **Sufficiency of Judgment.** Under section 2650, the judgment for plaintiff in replevin, based upon a verdict which assesses the value of the property taken and damages for its detention, should recite those facts and give the plaintiff the right to choose the property or its assessed value. But where the verdict did not assess any damages or value, and plaintiff is not asking for anything but the property, and the judgment goes no farther than to adjudge its return which can be affected since it is still in defendants' possession, the defendants cannot complain since they are not injured. Defendants should not complain because plaintiff did not obtain all it was entitled to.

Appeal from Jackson Circuit Court.—*Hon. Jack G. Slate,* Judge.

AFFIRMED.

*Pope & Lohman* for appellants.

*Irwin & Haley* for respondent.

TRIMBLE, J.—Plaintiff brought replevin to recover possession of a bay mare six years old, a bay horse nine years old and two red cows. The two cows were never found and, therefore, are not in the case.

Plaintiff held a chattel mortgage on certain property, including the property in question, given by one Julius Wulfert, to secure a debt he owed plaintiff. The mortgagor having become involved financially, and being unable to pay the debt when it became due, the mortgagee was authorized to take charge of the mortgaged property and began making arrangements to do so. Before it could take charge, however, the defendant, Dietrich Wulfert, caused the animals involved in this litigation to be removed to a pasture near his own farm. The mortgagor took charge of the rest of the mortgaged property, and, as the animals in controversy were not with said other property, sought for them on defendant Dietrich Wulfert's farm but did not succeed in finding or locating them. Thereafter, the two horses were brought from the pasture, where they had been placed, to the said Dietrich Wulfert's farm.

The defendants are father and son. The latter, Fred Wulfert, was a single man, and, when not engaged in government work on the Missouri river, made his home with his father.

The suit was commenced and the writ issued on June 22, 1916, and the return made by the sheriff on the writ states that on June 26th he took the bay horse out of the possession of the defendant, Fred Wulfert, but, upon the execution of a delivery bond as provided by section 2640, Revised Statutes 1909, he returned the horse to

him; that on June 27th he took the mare out of the possession of the defendant, Dietrich Wulfert, but, upon the execution by him of a similar bond, he returned said animal to said defendant.

The defendant, Dietrich Wulfert, filed a separate answer consisting of a general denial and asserting that at the commencement of the suit he owned the mare exclusively and had no interest in the horse, that the property of himself and his co-defendant were separate and there was no community of interest between them in the property sued for and that on that account the two defendants had been improperly joined in the suit. The defendant, Fred Wulfert, filed a similar answer claiming exclusive ownership in the horse but none in the mare.

The reply filed by the plaintiff denied specificially that Dietrich Wulfert was the owner of the mare and also denied that Fred Wulfert was the owner of the horse. Neither the answers nor the reply said anything about possession of the animals or of either of them.

A trial was had and the jury returned a verdict that "the plaintiff is entitled to one bay horse, nine years old, mentioned in the petition, also one *sorrel* mare, six years old, as mentioned in the petition." Upon this verdict the court rendered judgment that the plaintiff have and recover of and from the defendants the said horses and further adjudged that the plaintiff recover costs of the defendants and that execution issue therefor. Defendants thereupon appealed.

It is urged that plaintiff is not entitled to maintain the suit since no demand was made of defendants prior to the institution of the suit. But in this case no demand was necessary. The evidence is that after the condition of the mortgage had been broken, and the plaintiff had been authorized to take charge of the property, the defendant Dietrich Wulfert took the property in question away from where the mortgagor kept it. In other words, he took the property, wrongfully and without consent, out of what, at that time, was the possession of the mortgagee. In such case no demand was necessary to entitle plaintiff to main-

tain suit. [Harding v. Kelso, 91 Mo. App. 607; Burnham Hanna Munger & Co. v. Elmore, 66 Mo. App. 617; Moore v. Simms, 47 Mo. App. 182.] The evidence tended to show that up to the time defendant Dietrich Wulfert took the property away he never claimed to be the owner thereof but that he was merely a creditor of the mortgagor and never asserted ownership until after the latter had left the country. Nor did his co-defendant Fred Wulfert, make any claim of ownership prior to that time.

The petition is sufficient and the admission of the chattel mortgage in evidence was proper. [34 Cyc. 1497; First National Bank v. Ragsdale, 158 Mo. 668, 681.] Nor do the credits appearing on the back of the note secured by the mortgage show that the debt was paid. On the contrary, they show that it was not. Nor was the mortgage invalid for indefinite or insufficient description of the property. There was no doubt but that the animals were those mortgaged and no difficulty was experienced in identifying them. We do not agree with the contention that they were not proven to be the animals described in the mortgage. Nor can it be said that the defendants conclusively established their ownership of the animal each claimed. Mere proof that at a time prior to the execution of the mortgage each had purchased and secured title to the respective animal claimed by him did not invalidate the mortgagee's interest in view of the mortgagor's possession and indicia of ownership of the animals at the time the mortgage was given; and in view of the other evidence that the mortgagor owned them and that defendants made no claim of ownership until after the mortgagor's departure and for a time thereafter at least one of the defendants, Dietrich Wulfert, assumed to be only a creditor of the mortgagor and did not claim to be anything else till he learned that all of Julius' property was mortgaged and that the unsecured creditors "couldn't get anything."

It is insisted that the case should be reversed outright because there was a misjoinder of parties since the sheriff's return shows that he took the horse out of the possession of one defendant and the mare out of the

possession of the other defendant, and, in their answers, each disclaimed any interest in the animal claimed by the other. The judgment was for plaintiff and against both defendants for the possession of both horses and for costs. A joint judgment in replevin can be rendered only against parties shown to have a community of interest in the property in question or to have both been concerned in the taking or detention. [Cobbey on Replevin (2 Ed.) , sec. 1142.] It will be observed, however, that in defendants' plea of misjoinder in their answer they did not base the same upon any claim as to who took the property or upon a separate possession of the animals at the time of the commencement of the suit and the issuance and service of the writ. In fact, the only thing mentioned to show misjoinder was a lack of community *interest or title* in the property. In their testimony given as witnesses in their own behalf, *both* defendants admitted that, at the commencement of the suit and the issuance of the writ and at the time the sheriff came out to execute it, *both* horses *were in the possession of the defendant Dietrich Wulfert.* Consequently, plaintiff was entitled to maintain replevin as to both horses had the suit been brought against him alone. At most all that plaintiff did was to include Fred Wulfert in the suit when he need not have been made a defendant. And the only question is as to whether the case should be reversed as to him. But this defendant did not claim a misjoinder because of a diverse possession of the property but only because of *separate ownership.* And as he sought to defeat plaintiff's right to possession *solely* by claiming that the title to one of the horses was in him instead of the mortgagor at the time the mortgage was given, and made no claim that he should not have been sued because he was not in possession and was not concerned in the taking or withholding of the property, we do not think he is entitled to have the case reversed as to him. He made no claim that the taking of the property by his father was not also his act nor that the possession of the former was not also his possession; nor did he make any claim that in obtaining possession of the horse from his father, *subsequent* to the commencement of the suit and the issuance of the

writ, he did so innocently and without knowledge of the mortgagee's rights. Indeed, as the mortgage was recorded, he had at least constructive if not actual knowledge of it. The evidence, together with the course pursued by each of the defendants, shows that the property was wrongfully taken by and was in the possession of defendant Dietrich Wulfert and that if the defendant Fred Wulfert did not participate therein he did join in withholding the property, and, in effect, made what his father did his own act the same as if he had gone with him and helped to take the animals. And there was no claim or showing to the contrary. While it is true the sheriff's return shows that he took the horse out of the possession of one defendant and the mare out of the possession of the other, yet this is not conclusive in view of the solemn admissions of both defendants to the contrary. [Clark v. Sublette, 117 Mo. App. 519, 522.] Especially is this case where both horses were on the farm whereon both defendants had their home, so that the sheriff's statement that he took one of the animals out ·of the possession of Fred Wulfert was no more than a recognition of said defendant's claim of ownership, there being nothing in the location of the horses to outwardly disclose individual possession other than the claim of individual ownership.

It is urged that the judgment is not one that is authorized by the statute. It is true it is not in the form prescribed by section 2650 Revised Statutes 1909. It merely establishes the right of plaintiff to recover possession of the animals. Ordinarily a judgment for plaintiff in replevin, based upon a verdict which assesses the value of the property taken and damages for its detention, should recite those facts and give the plaintiff the right to choose the property or its assessed value. But the verdict in this case did not assess any damages or value. And the plaintiff is not asking for anything but the animals. The defendants lose nothing because the verdict and judgment went no further than to adjudge their return which can be done since the animals are in defendants' possession. The defendants are not injured and hence they cannot complain. [Stroud v.

Morton, 70 Mo. App. 647, 651; Caldwell v. Ryan, 210 Mo. 17.] The judgment is good as far as it goes. It is the animals themselves that the plaintiff seeks to recover and, since plaintiff prevailed, the defendants who lost the case cannot complain because the plaintiff did not obtain all that it was legally entitled to.

Finally, it is urged that the case should be reversed because the instructions and verdict called for a *sorrel* instead of a *bay* mare six years old. It will be observed that the verdict read "one sorrel mare six years old *as mentioned in the petition.*" There was only one mare six years old mentioned in the petition and no sorrel animal was mentioned anywhere either in the petition or evidence. Hence the use of the word "sorrel" was a mere clerical error which could in no wise affect the substantial rights of the parties, and the judgment should not be reversed or affected by reason thereof. [Sections 1850 and 2082, Revised Statutes 1909.]

We regret that necessity compels us to say that the briefs on both sides of this case are not such as the ability and usual industry of counsel would justify us in expecting to receive from them. Appellant's brief was so arranged as that it came perilously near being amenable to the motion aimed against it by respondent. In addition to this, citations in support of particular points referred us to whole *chapters* of certain works. These chapters were subdivided into sections which could have easily been cited and thus saved us the time and labor of searching through many pages to find what was referred to. We were also cited to sections in other works which were not contained in the volumes referred to. The defects in respondent's brief consisted of errors in giving the volume or page of the citations relied upon. A careful proof reading of the briefs *as to the citations* as well as the other parts of the brief would obviate such errors and save us much time and trouble. The transposition of figures, such as citing Vol. 194 when 149 is meant is not only an annoyance, it is a positive hindrance to us in our work.

It may be well to also state before closing, that since the perfection of the appeal herein, and before

submission of the case the defendant, Fred Wulfert, died, but, by agreement of all parties, the cause was revived against his administrator, B. F. Schuetz, and he was duly made a party hereto.

Finding no reversible error in the case the judgment is affirmed. All concur.