MELDON W. GLENN, RESPONDENT, v. MRS. NELLIE GIBBS ET AL., DEFENDANTS, JACK THOMAS, APPELLANT.—92 S. W. (2d) 947.

Kansas City Court of Appeals. February 17, 1936.

*Ringolsky, Boatwright & Jacobs, Robert J. Coleman* and *Daniel S. Millman* for respondent.

*W. Rea Heath* for appellant.

REYNOLDS, C.—Meldon White Glenn, respondent herein, on February 21, 1927, filed her statement and affidavit in replevin before the Honorable Sutton R. Layton, justice of the peace, Kaw township, Jackson county, Missouri, naming as defendants Nellie A. Gibbs, J. H. Zimmerman and Jack Thomas (the last being appellant herein). At the same time, respondent filed her bond in replevin with the said justice of the peace in the sum of $1,000.

In her statement and affidavit in replevin, respondent stated that she was lawfully entitled to the possession of all the furniture, fixtures, linens, bedding, rugs, and hotel equipment of the Yeager Hotel, 205 West Ninth Street, Kansas City, Missouri, then located on the first floor of the building at 2005 East Fifteenth Street, Kansas City, Missouri, alleged to be of the value of $500; that the same was wrongfully detained and had been wrongfully taken by the defend-

ants; and that the respondent's cause of action arose within one year prior thereto.

Thereafter on the same day, February 21, 1927, an order of delivery and summons was issued by the said justice of the peace, commanding any constable of Kaw township, Jackson county, Missouri, to take possession of said property and deliver it to respondent and to summon said defendants to appear before him on March 8, 1927, at five o'clock A. M. to answer the complaint of respondent for the wrongful detention of said property.

Said order of delivery and summons was thereafter executed on the same day, February 21, 1927, by the constable of said justice court, by taking the property therein described from the defendant Zimmerman and delivering the same to the respondent and was further served by the reading of the same to defendant Zimmerman. The constable made return that he had diligently searched for but failed to find Nellie A. Gibbs or appellant.

Thereafter on March 8, 1927, the cause coming on for hearing before the justice, the respondent appeared. The defendant Zimmerman, who had been served with summons, failed to appear and made default. The cause was taken up for trial; and the same was dismissed by respondent as to defendant Gibbs and appellant, neither of whom had been served with summons and neither of whom at such time appeared. The respondent introduced her evidence, and the justice found that respondent was entitled to possession of the property described in the statement and seized under the writ and that the same had been delivered to her under the writ and found such property to be of the value of $500 and rendered judgment that she retain it and recover her costs. After the rendition of such judgment, the appellant appeared before said justice, upon the same date that such judgment was rendered, and filed a written demand for trial of the right of property and the right of possession of said property by jury, as follows:

"Comes now Jack Thomas, defendant herein, by attorney, W. Rea Heath, and demands that the right of property and the right of possession of the property be tried by a jury, and sets out herein that he was in possession of and is entitled to the possession of the property described in plaintiff's affidavit; that the value of the same is $500, and that the damage to him for the taking and detention thereof is $500. (Signed) W. Rea Heath, Attorney for defendant, Jack Thomas."

It is recited by the justice in his record that, at the time appellant filed his demand for a jury trial, he tendered the costs for the jury.

Such written demand was overruled by the justice, and appellant's request for a trial by jury was denied. The appellant thereupon appealed to the circuit court from the judgment of the justice and from his order overruling his demand for a jury trial.

On April 13, 1934, the respondent filed in the circuit court the following motion to affirm the judgment of the justice and to dismiss the appeal:

"Comes now the plaintiff and respectfully moves the court to dismiss the appeal taken by Jack Thomas from the judgment rendered March 8, 1927, herein by Sutton R. Layton, for the reason that said Jack Thomas is not a party to this cause in that no service was had on said Thomas, the cause was dismissed as to him before judgment and the said Thomas did not enter his appearance or in any manner interplead in this cause before judgment, and for the further reason that said appeal was not taken on the day judgment was entered and no notice of appeal was served on this plaintiff or her attorney."

The motion was denied by the court. The respondent thereupon filed the following motion to dismiss the appeal:

"Now comes the plaintiff and moves the court to dismiss the appeal taken by Jack Thomas from the judgment rendered March 8, 1927, by Sutton R. Layton, Justice of the Peace, for the reason that under the laws of the statutes of Missouri no appeal is permitted to be taken from any adverse ruling on any motion filed before a justice of the peace except motion to retax costs and for the further reason that the order of the justice of the peace overruling the motion filed by the defendant, Jack Thomas, was not a final judgment from which an appeal can be taken from a justice of the peace."

This latter motion was transferred for hearing to the division of the circuit court presided over by the Honorable Daniel E. Bird as judge and was heard and sustained by him; and the appeal was dismissed.

Upon the hearing of the motion, the respondent introduced in evidence her statement and affidavit in replevin filed before the justice of the peace, the order of delivery and summons issued by said justice of the peace, the return of the constable on the same, her bond in replevin in the sum of $1,000, the transcript of the record of the justice of the peace, the motion of appellant for a jury trial, and the affidavit for appeal of appellant.

The appellant made certain offers of proof, which were denied by the court. Such offers will be more fully set out as occasion requires.

After an unsuccessful motion for a new trial, the appellant, Jack Thomas, appeals.

## OPINION.

The only question on this appeal relates to the propriety of the action of the circuit court in sustaining the respondent's motion to dismiss appellant's appeal from the justice to the circuit court.

1. The grounds of this motion are that the order of the justice of the peace overruling the motion filed by the appellant was not a final judgment from which an appeal could be taken and that no

appeal lies from any adverse ruling on any motion filed before a justice of the peace except a motion to retax costs.

The record of the justice of the peace, in evidence, nowhere recites that the appeal is from the mere action of the justice in denying appellant's demand for a trial by jury. Such record of the justice, after reciting the judgment for the respondent, the dismissal of the cause as to the appellant and his codefendant Gibbs, recites that the appellant filed a motion for a jury to try the issue as to damages and made tender of costs and that said motion was overruled. It then recites that appellant filed an affidavit for appeal and that an appeal was allowed to the circuit court. The contents of the affidavit are not set out in the record. The only conclusion to be drawn from the recitations in the record is that the appeal is from the judgment of the justice upon the merits. That the appeal is from the merits is virtually conceded by respondent in her brief when she states that the appeal is from both the merits and the order of the court denying the jury trial.

2. The respondent contends that appellant is not a party to the suit and has no right to prosecute this appeal from the judgment of the justice, that he is a mere interloper.

However, it appears that the appellant was by respondent in her statement and affidavit joined as a defendant along with the other defendants named therein and that a summons was issued for him along with such other defendants. It is true that he was not served with the summons and had not entered his appearance at the time that the cause was tried, on March 8, 1927, and the judgment rendered and the order of dismissal entered as to him and his codefendant Gibbs; but such facts are immaterial here.

This is a replevin suit wherein it appears from the record that respondent had given bond and taken possession of the property described in the petition and in the writ; and a different rule as to dismissal against a defendant obtains from that ordinarily applied. The plaintiff in replevin, after taking the property into his possession, cannot dismiss the suit as against the defendant at his pleasure or without the consent of the defendant or without a trial as to the rights of property and the right of possession. He cannot reduce the property to his possession and then refuse to prosecute the action. [Ranney v. Thomas, 45 Mo. 111; Berghoff v. Heckwolf, 26 Mo. 511; Collins v. Hough, 26 Mo. 149; 54 C. J., art. 255, p. 550; Cobbey on Replevin (2 Ed.), art. 1193, p. 676.]

In Cobbey on Replevin, it is stated: "Ordinarily, the plaintiff has a right to dismiss his action; but in replevin, after the property has been delivered to the plaintiff, the position of the parties becomes to all practical intents and purposes reversed, and the law will not permit the plaintiff to reduce the property to possession by means

of this writ and then prevent an adjudication of its status by dismissing his suit.''

The same authority says on page 677 of his work: ''The plaintiff in replevin cannot by a discontinuance of the action or by suffering a nonsuit prevent a judgment being rendered against him for damages or for a return of the property; such act on his part merely amounts to an abandonment of the action by the plaintiff with the consent of the court, and does not affect the defendant's right or the jurisdiction of the court. When the plaintiff does so dismiss the suit the defendant may retain it—''

In Collins v. Hough, supra, l. c. 152, our Supreme Court at an early day held that, while the plaintiff might ordinarily dismiss his case at any time before the submission thereof, he could not in a suit in replevin where the property had been delivered into his possession retreat at pleasure.

Section 2215, Revised Statutes of 1929, relied on by respondent for dismissal as to a defendant before the justice, has no application under the facts of this case.

In this case, the appellant, having been made a party to the suit by the respondent, entered his appearance in the cause as such party by filing his written demand for trial by jury. The order of dismissal which had been made as to him was ineffective. He had, under section 2568, Revised Statutes 1929, the right to appear and file such demand and had a right to a trial in accordance with his demand, although he had not been served with summons. The fact that judgment had already been entered in favor of the respondent at the time that he entered his appearance does not affect the matter, and neither does the fact that he appeared and filed his petition after the order of dismissal had been made as to him. Such judgment had been ordered by the justice on the theory that, the appellant not having been served with summons and the action having been dismissed against him by respondent, appellant was not a party to the suit to be reckoned with but that Zimmerman was the only party defendant.

This, we have found, is not the correct theory. The cause had not been dismissed as to appellant and, as a matter of law, could not be dismissed against him without his consent; and no final judgment could be rendered in the cause without disposing of him and the issues raised by him as a party. At the time that he entered his appearance, the cause was, as a matter of law, still pending against him without any final judgment thereon having been rendered; and the action of the justice in denying his demand for a trial by jury and in recognizing the judgment rendered by him in favor of respondent as valid and binding upon appellant finally determined the rights of the respondent, the appellant, and the defendant Zimmerman as

parties to the action, from which final determination the appellant has the right to appeal.

The attempted dismissal by respondent of the action against appellant amounted to a failure to prosecute the action as to him. It is immaterial that respondent did prosecute the action against defendant Zimmerman. The respondent was required also to prosecute it against appellant. Appellant had the right to have his right to the property and his right to the possession thereof determined and his damages for the taking and withholding thereof assessed, and such right could not be defeated by respondent's taking judgment against defendant Zimmerman and dismissing the cause as to him. That the defendant Zimmerman may have been the only party found in the open possession of the property by the constable at the time that he seized such property under the writ is not conclusive against the appellant as to any right in the property or to the possession thereof had by him. [Clark v. Sublette, 117 Mo. App. 519, 94 S. W. 733; Central Missouri Trust Co. v. Wulfert, 198 Mo. App. 85, 199 S. W. 724.] The theory of respondent in her statement is that all of the defendants were jointly in possession of the property at the time she filed her suit, and they were sued jointly as being in the wrongful possession thereof. She is bound by the allegations of her petition. [Steinberg v. Merchants' Bank, 334 Mo. 297, 67 S. W. (2d) 63, and cases cited therein.] She cannot, under her statement, be heard to contend, without a trial of the question, as to whether appellant was in possession or not and that such question is no longer an issue in the case.

3. The respondent's contention that the petition or written demand filed by appellant before the justice (for the trial of his right to the possession of the property seized under the writ and delivered to respondent and for the assessment of damages to him for the taking and withholding of the same and for such trial of such issues by a jury) is a mere motion is not well made. It is true that such written demand or petition is designated as a motion by the justice in his record and that the same was treated by him as a mere motion.

However, it was not a mere motion; it was a petition and a statement of a cause of action by the appellant in his own behalf in the replevin suit, for the assessment of the value of the property taken from him and delivered to respondent and for the damages for the taking and withholding from him of the possession thereof, fully authorized by section 2568, Revised Statutes 1929, which is as follows: "If the property has been taken and delivered to the plaintiff, or is in his possession, and he fails to prosecute his action to final judgment, the justice shall give judgment against the plaintiff and his sureties for all costs, unless the defendant or his attorney shall appear and demand that the right of property or right of possession of the property taken shall be tried by a jury, in which case the

justice shall impanel a jury for that purpose. If the jury, after hearing the evidence, shall be satisfied that the property belonged to the defendant at the commencement of the action, or that the defendant was entitled to the possession or had a special interest in the same at that time, they shall' find accordingly, and shall assess the value of such property or the value of the defendant's rights thereto, and any damages for withholding the same which may be just and proper.''

It is conceded in the record that, at the time the appellant appeared and filed his petition or written demand, the respondent had failed to prosecute her action to final judgment with respect to him but had procured an order of dismissal of her action as to him.

In an action in replevin, both parties are regarded equally as actors; and the issues tendered must be tried. [54 C. J., art. 255, p. 550; Cobbey on Replevin (2 Ed.), art. 1195, p. 678.]

After seizure and delivery of the property to the plaintiff in replevin, the defendant becomes a virtual plaintiff in the case (54 C. J., art. 255, p. 551) and has the right to establish his title and right to possession of the property and to obtain a judgment for the return of the property or its value and damages for the withholding of the property. [54 C. J., art. 255, p. 551; Berghoff v. Heckwolf, supra; Collins v. Hough, supra.]

The action of the court in denying such petition was not a mere order; it became a part of his final judgment.

It follows from what has been said herein that the action of the circuit court in sustaining respondent's motion and in dismissing appellant's appeal was erroneous and that its judgment should be reversed and the cause remanded for a new trial. It is accordingly ordered that the judgment of the circuit court be reversed and the cause remanded for new trial. *Campbell, C.,* concurs.

PER CURIAM:—The foregoing opinion of REYNOLDS, C., is adopted as the opinion of the court. The judgment is reversed, and the cause is remanded for new trial. *Shain, P. J.,* and *Bland, J.,* concur.