Burnham *v.* MacWhinnie.

---

FRANCIS C. BURNHAM *vs.* MELVIN MACWHINNIE.

Essex.    December 6; 1965. — December 30, 1965.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, KIRK, & SPIEGEL, JJ.

*Replevin. Practice, Civil,* Discontinuance; Replevin; Appellate Division: what questions open.

Questions not raised at a trial in a District Court are not open to review on a report. [18]

The plaintiff in an action of replevin, after giving bond and obtaining possession of the property, is not entitled as of right to discontinue the action. [19]

REPLEVIN. Writ in the First District Court of Essex dated August 5, 1963.

Hearings in the action were before *Harrington, J.* A report to the Appellate Division was ordered dismissed, and the plaintiff appealed.

The case was submitted on briefs.

*Merrill B. Nearis* for the plaintiff.

*Herman W. Feder* for the defendant.

WILKINS, C.J. In this action of replevin of a motor truck the plaintiff gave bond as required by G. L. (Ter. Ed.) c. 247, § 8, and took possession. The case was entered on August 5, 1963, and was marked for trial on August 13, 1963. On the latter date the defendant and his counsel went to the court house. The plaintiff, appearing pro se, filed a motion to discontinue before 9 A.M. The defendant's counsel learned this, and seeing the plaintiff outside the court house, informed the plaintiff that he was to move that the motion be disallowed, and that the plaintiff should go to the court room. There the plaintiff refused to tell the location of the truck to the judge, who then disallowed the motion and stated that the case was ready for trial. The plaintiff said he would not proceed with the case and left. The hearing was held. The judge found that the defendant was entitled to the return of the truck forthwith, and set August 22, 1963, for the assessment of damages. Notice was mailed the plaintiff. On that date the judge found for the defendant and assessed damages.

The plaintiff has claimed reports from the disallowance of the motion to discontinue, from the order to return the truck, and from the assessment of damages. These points are not open to him, as he did not raise any questions of law at the trial. *Spencer* v. *Burakiewicz,* 288 Mass. 83, 85. *Himelfarb* v. *Novadel Agene Corp.* 305 Mass. 446, 449. *Elliott* v. *Warwick Stores, Inc.* 329 Mass. 406, 409.

The usual rule in actions at law is that a plaintiff may discontinue before trial. *McQuesten* v. *Commonwealth,* 198 Mass. 172, 175. *Nicolai* v. *Nicolai,* 283 Mass. 241, 246. G. L. (Ter. Ed.) c. 231, § 140. See *Zwick* v. *Goldberg,*

304 Mass. 66, 70; G. L. (Ter. Ed.) c. 232, § 8. The rule is otherwise in equity, where leave to dismiss without prejudice must be obtained from the court once the defendant's situation has been materially changed. *Keown* v. *Keown,* 231 Mass. 404, 406–407. *Nicolai* v. *Nicolai, supra,* 246.

The practice in replevin is analogous to that in equity. The precise question has not been adjudicated here. But decisions elsewhere uniformly hold that one suing out a writ of replevin cannot obtain possession of the disputed personal property and then drop the litigation. *Collins* v. *Hough,* 26 Mo. 149, 152. *Glenn* v. *Gibbs,* 230 Mo. App. 409, 413. *Lamkin* v. *Rosenthal,* 5 App. Div. (N. Y.) 532, 535. *Broom* v. *Fox,* 2 Yeates (Pa.) 530, 531. 77 C. J. S., Replevin, §§ 141, 142. Annotation, 2 A. L. R. 200. Cobbey, Replevin (2d ed.) §§ 676–677. Shinn, Replevin, 650–651. Wells, Replevin (2d ed.) §§ 452–453.

The plaintiff takes nothing by his contention that the defendant has an action for damages on the bond. There is no reason in justice why he should be restricted to it. The plaintiff's case is wholly devoid of merit.

*Order dismissing report affirmed.*